928 A.2d 833 (2007)
395 N.J. Super. 190
Helen CRESPO, Plaintiff-Respondent,
v.
Jimmy CRESPO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 2007.
Decided February 20, 2007.
*834 Russell Gale, New Brunswick, argued the cause for appellant (Central Jersey Legal Services, Inc., attorneys; Mr. Gale, on the brief).
Respondent did not file a brief.
Before Judges R.B. COLEMAN and GILROY.
PER CURIAM.
Defendant Jimmy Crespo appeals from that portion of the order of the Family Part entered on January 20, 2006, denying his motion to suspend the court ordered periodic payments toward liquidation of his accumulated child support arrears, and from the order of April 4, 2006, denying his motion for reconsideration. We reverse.
Plaintiff Helen Crespo and defendant are the parents of Selena G. Crespo, born February 24, 1982. The parties' marriage was dissolved by judgment of divorce entered on June 8, 1990. Plaintiff was awarded sole legal and physical custody of their child, and defendant was ordered to pay $65 per week as child support.
The defendant has suffered from schizophrenia for many years and is unable to work. Defendant applied for Supplemental Security Income (SSI) disability benefits and was found to be disabled by the Social Security Administration and eligible for benefits in 2001. This has been his only source of income since then, and as of December 2005, he was receiving $579 per month in SSI benefits. As a result of his illness and limited income, he was unable to pay his child support obligation and has accumulated a significant amount of arrears.
On December 27, 2005, defendant filed a motion for emancipation of his daughter as of her eighteenth birthday, termination of his child support obligation, and suspension of enforcement on arrears. Plaintiff did not respond to the motion. On January 20, 2006, the motion judge entered an order that: 1) declared Selena emancipated, effective December 27, 2005, the date defendant filed the motion; 2) terminated defendant's child support obligation, effective the same date; 3) denied defendant's motion to suspend enforcement on arrears; and 4) directed defendant pay on arrears at the rate of $30 per week until the arrears are satisfied. Defendant moved for reconsideration. On April 4, 2006, the motion judge entered an order modifying the order of January 20, 2006, in part. The order: 1) declared Selena emancipated as of her eighteenth birthday, February 24, 2000, and terminated defendant's child support obligation as of that date; 2) directed the Probation Department to credit defendant's child support arrears in the amount of $19,760 for the period of time from February 24, 2000 through December 27, 2005; 3) set defendant's child support arrears at $33,899.69 as of April 5, 2006; 4) denied defendant's motion to suspend enforcement on arrears; 5) directed defendant to continue to pay $30 weekly until his total arrears are satisfied.
On appeal, defendant argues that the motion judge erred in denying his motion to suspend payment on arrears and directing that he pay arrears at $30 per week because he is disabled and his only income is $579 per month in SSI benefits, citing Burns v. Edwards, 367 N.J.Super. 29, 842 A.2d 186 (App.Div.2004). Defendant contends that SSI has been his only income since 2001, when the Social Security Administration declared him disabled. Defendant asserts that he does not have sufficient income to pay the basic minimal living expenses for himself, much less pay child support arrears.
"The scope of appellate review of a trial court's fact-finding function is limited. *835 The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12, 713 A.2d 390 (1998). Furthermore, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare, supra, 154 N.J. at 413, 713 A.2d 390. We grant substantial deference to a trial court's findings of fact and conclusions of law, which will only be disturbed if they are "`manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence.'" Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974) (quoting Fagliarone v. Tp. of N. Bergen, 78 N.J.Super. 154, 155, 188 A.2d 43 (App. Div.), certif. denied, 40 N.J. 221, 191 A.2d 61 (1963)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). It is against these standards that we review the decision of the Family Part judge.
Following the filing of defendant's notice of appeal, the motion judge filed a letter of amplification pursuant to Rule 2:5-1(b) stating in pertinent part:
The [c]ourt does not interpret Burns v. Edwards, 367 N.J.Super. 29, 842 A.2d 186 ([App.Div.] 2004) to prevent the [c]ourt from considering the [d]efendant's SSI benefits when determining the [d]efendant's responsibility to repay his arrears. The [c]ourt recognizes a distinction between the calculation of a future support award as addressed by the Appellate Division in Burns v. Edwards, supra, and the repayment of a child support obligation that has already become due.
We disagree.
Generally, a non-custodial parent is relieved from child support obligations where he or she "is totally disabled" and "indisputably indigent, surviving solely on SSI benefits directed at providing him [or her] with the legislatively-established minimum level of subsistence." Burns, supra, 367 N.J.Super. 29 at 41, 842 A.2d 186. "The intent of the child-support framework to ensure that parents support their children has no application to those parents whose sole source of income is SSI, and where such parents have no ability to generate any additional income." Ibid. Accordingly, "SSI benefits cannot be included in the child-support calculus." Id. at 45, 842 A.2d 186. However, "a child support order may be entered against a parent who is an SSI recipient where the court concludes that the parent is earning or has the ability to earn additional income." Id. at 50, 842 A.2d 186. Said another way, SSI benefits should not be included in the calculation of child support when the disabled parent receives no other income, and no other income can be imputed to him. Id. at 32-33, 842 A.2d 186. Moreover, "[b]enefits received through the SSI program are exempt from attachment, garnishment, levy, execution, or any other legal process," even for child support or alimony. Id. at 39, 842 A.2d 186.
Because defendant's only source of income is SSI benefits intended "to assure that the income of a recipient is maintained at a level viewed by Congress as a minimum necessary for subsistence," id. at 37, 842 A.2d 186, we are satisfied that Burns controls the resolution of the issue presented. The only income defendant receives is SSI benefits, funds which may not be included in the calculation of child support and are exempt from attachment, garnishment, *836 levy, or execution. Id. at 33, 39, 842 A.2d 186. We find no reason to subject defendant to the terms of an order that may lead to a motion to enforce litigant's rights, R. 1:10-3, when he has no ability to pay.
Accordingly, we reverse the orders of January 20, 2006, and April 4, 2006, to the extent that they directed defendant to pay on arrears at the rate of $30 per week until the arrears are satisfied. We remand and direct that the orders be amended to suspend collection of arrears until such time as defendant has the ability to pay the arrears from income or assets, actual or imputed, other than SSI. All other provisions of the two orders not inconsistent with this opinion are affirmed.