**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0107-17T1

WELLS FARGO BANK, N.A.,

     Plaintiff-Appellant,

v.

CINDY DISANTIS, MR. DISANTIS,
husband of Cindy DiSantis,
FRED J. DISANTIS,
MRS. FRED J. DISANTIS, his wife,
CIT SMALL BUSINESS LENDING
CORPORATION, NATIONAL
RESTORATION & FACILITY, and
STATE OF NEW JERSEY,

     Defendants,

and

READYCAP LENDING, LLC,

     Defendant-Respondent.

_____

Submitted September 26, 2018 – Decided  October 24, 2018

Before Judges Ostrer and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-008041-17.

Reed Smith, LLP, attorneys for appellant (Diane A. Bettino, of counsel; Aaron M. Bender, on the briefs).

Finestein & Malloy, LLC, attorneys for respondent (Russell M. Finestein, on the brief).

PER CURIAM

Plaintiff, Wells Fargo Bank, N.A., appeals from the July 25, 2017 order dismissing its foreclosure complaint against defendant ReadyCap Lending, LLC.[1] Because a prior judgment established the priority of the liens between these parties and granted ReadyCap the right to foreclose on the subject property, we affirm.

In 2006, Cindy and Fred DiSantis (the Borrowers) executed a note for $163,000, secured by a mortgage on their residential property.[2] A week later, Fred DiSantis obtained a loan for $795,000 from CIT Small Business Lending Corporation for his business. A second mortgage on the Borrowers' property secured the loan.

---

[1] No other defendants participated in this appeal.

[2] After Wells Fargo merged with the original mortgagee, it became the holder of the note.

A-0107-17T1

After the Borrowers defaulted on the second loan in 2008, CIT filed a foreclosure complaint in 2013. An amended complaint named Wells Fargo as a defendant

> by virtue of a certain mortgage made by [the Borrowers] to . . . now known as Wells Fargo Bank, dated June 22, 2006 . . . given to secure the sum of $163,000.00. Said mortgage is subordinate to [CIT's] mortgage pursuant to a mortgagee's policy of insurance issued by Fidelity National Title Insurance Company. In addition, Wells Fargo knew or should have known of [CIT's] mortgage interest prior to the recording of the mortgage held by Wells Fargo and Wells Fargo at all times intended that its mortgage lien would be subordinate to that held by [CIT], irrespective of the recording dates.
>
> [emphasis added.]

In 2014, during the course of the litigation, the CIT loan was assigned to ReadyCap.

In response, Wells Fargo filed a non-contesting answer in June 2015, stating in pertinent part: "The defendant does not dispute the priority or validity of its lien and joins in its claim for relief and seeks to become part of the Judgment and request that its lien be reported upon."

Noting Wells Fargo's non-contesting answer, the court entered a final judgment in foreclosure in favor of ReadyCap on May 6, 2016, ordering all defendants were "absolutely debarred and foreclosed of and from all equity of

redemption of, in and to so much of the said mortgaged premises as shall be sold as aforesaid under this judgment." ReadyCap was the successful bidder at the subsequent sheriff's sale and took deed to the property.

In August 2016, the Borrowers defaulted on the Wells Fargo mortgage. Thereafter, in March 2017, Wells Fargo instituted this foreclosure action, to which ReadyCap filed a contesting answer and counterclaim. In its motion to dismiss the complaint, ReadyCap argued that the issue of priority of the parties' respective mortgages was previously determined in the prior foreclosure action. Because Wells Fargo did not contest the priority of its lien in that earlier action, ReadyCap asserted Wells Fargo waived its rights to foreclosure. The Chancery judge agreed with ReadyCap's position and dismissed Wells Fargo's complaint with prejudice.

On appeal, Wells Fargo contends the trial court erred in its determination, asserting both procedural and substantive grounds as bases for error. First, Wells Fargo contends the motion should have been presented as a summary judgment motion, not a motion to dismiss under Rule 4:6-2. Second, Wells Fargo argues the judge erred in finding ReadyCap's earlier foreclosure action adjudicated the lien priority issue.

4

We review these legal issues anew as a judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The doctrine of res judicata "contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." Wadeer v. New Jersey Mfrs. Inc. Co., 220 N.J. 591, 606 (2015) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). The application of res judicata 'requires substantially similar or identical causes of action and issues, parties, and relief sought,' as well as a final judgment." Ibid. (quoting Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989)). Thus, "[w]here the second action is no more than a repetition of the first, the first lawsuit stands as a barrier to the second." Ibid. (quoting Culver, 115 N.J. at 460).

We are satisfied the trial court properly granted the motion for dismissal.[3] The prior final judgment of foreclosure determined the priority of the liens held

---

[3] When materials outside the pleadings are relied on in a Rule 4:6-2 motion "it is automatically converted into a summary judgment motion." Pressler &

by ReadyCap and Wells Fargo.  Wells Fargo was named as a defendant in that action, its mortgage was identified in the complaint, and Wells Fargo filed an answer in which it did not dispute the priority or validity of the ReadyCap lien. There was no application to set aside the judgment under <u>Rule</u> 4:50-1, nor was any appeal taken.  Res judicata required the dismissal of the complaint in this subsequent action.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

Verniero, <u>Current N.J. Court Rules</u>, cmt. 4.1.2. on <u>R.</u> 4:6-2 (2019).  Because of our determination that res judicata prevents Wells Fargo from pursuing a claim against ReadyCap, the judge's oversight in considering the motion under <u>Rule</u> 4:6-2 instead of <u>Rule</u> 4:46-1 caused no harm.

A-0107-17T1