**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1324-18T3

IN THE MATTER OF
THE APPLICATION OF
SHAMARR NARELL JACOBS
TO CHANGE THE NAME OF
TAIZOR BERNIER TO
TAIZOR BERNIER-JACOBS.

Submitted December 3, 2019 – Decided January 17, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FD-12-0410-19.

Weinberger Divorce & Family Law Group, LLC, attorneys for appellant Frances Bernier (Crystal M. Ullrich, on the brief).

Goldstein Law Group, LLC, attorneys for respondent Shamarr Narell Jacobs (Mark Goldstein and Justin LaPiana, on the brief).

PER CURIAM

Frances Bernier appeals from the October 10, 2018 order requiring the addition of Shamarr Narell Jacobs' surname to the parties' child's surname

(Bernier). Because the Family Part judge misapprehended the applicable law, we reverse.

Frances[1] and Shamarr have a son born in January 2013. Frances, the mother, gave the child her surname – Bernier. Shamarr, the father, was not present for the child's birth and was not listed on the birth certificate. He was not involved in the child's life for the first eighteen months. Shamarr pays court-ordered child support and has parenting time every other weekend. He lives in Pennsylvania and is married.

In 2018, Shamarr filed an application to change the child's last name to Bernier-Jacobs. Shamarr desired the name change because he felt it would make the connection stronger between him and his son.

At the time of the hearing on the application, the child was almost six years old, in kindergarten, playing sports, had a passport, and always used Bernier as his surname. Frances and the child lived with Frances's parents – the Berniers.

Frances presented multiple reasons for her opposition to the application. She thought changing his surname would be confusing to her six-year-old son,

_____

[1] We use the parents' first names for the ease of the reader. We mean no disrespect.

A-1324-18T3

he identified with her family unit, and since her brothers did not intend to have children, Frances's child would be the last in the generation to bear the name Bernier. She also noted the inconvenience and difficulty in changing all of the child's legal documents.

Although we accord substantial deference to the fact-finding of a family court, its legal conclusions are subject to a plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 193-94 (App. Div. 2007) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

At the start of the hearing, the court advised the parties that it was relying on Emma v. Evans, 215 N.J. 197 (2013), in its consideration of the application. The court stated: "When parents have agreed upon a name at birth, the parent seeking the name change in a subsequent dispute must bear the burden of showing by a preponderance of the evidence that the name change is in the child's best interests." (emphasis added). The reliance on Emma was misplaced.

Here, it was clear the parties were not together at the time of the child's birth and there was no agreement on a surname. Shamarr was not even listed on the birth certificate. Under those circumstances, Gubernat v. Deremer, 140 N.J. 120, 139 (1995) was the controlling case. Although the court here was correct

3

in noting the applicability of the best interests of the child standard, it failed to accord Frances the "strong presumption in favor of the surname chosen by the custodial parent." Id. at 144. In Gubernat, the Supreme Court explained that "the presumption that the parent who exercises physical custody or sole legal custody should determine the surname of the child is firmly grounded in the judicial and legislative recognition that the custodial parent will act in the best interest of the child." Ibid.

In Emma, the divorcing parents disputed whether a change in their children's surname was in their best interests. 215 N.J. at 201-02. The Court emphasized the difference in circumstances from those presented in Gubernat, stating:

> [T]he presumption in favor of the custodial parent established in Gubernat makes compelling sense and that presumption should continue to be applied to factual circumstances similar to those that arose in Gubernat. That said, the rationale of Gubernat should not be extended to apply to disputes that, . . . arise after a surname was given to a child by his or her parents acting in concert.
>
> [Id. at 221 n.l.]

Because the court only considered the factors listed in Emma to make its determination, it never accorded Frances the strong presumption she was entitled to as the custodial parent. Unlike in Emma, this is not a renaming of an originally

4

agreed upon surname. The parties never agreed upon a surname. Thus, Frances was entitled to a heavy presumption in favor of the name she chose for the child.

However, because there is a complete record before us, we are not compelled to remand for any additional testimony or hearing. Shamarr's sole reason for seeking a name change was his belief that a shared surname between him and his son would make their connection stronger. As the court stated in Gubernat, a father's preference should not be given greater weight. "The preservation of the paternal bond is not and should not be dependent on the retention of the paternal surname; nor is the paternal surname an indispensable element of the relationship between father and child." 140 N.J. at 141 (rejecting the "preference that some courts accord to paternal surnames in the context of determining the best interests of the child"). We are satisfied Shamarr did not present sufficient evidence to rebut the presumption that favors Frances's choice.

We therefore reverse and vacate the October 10, 2018 order.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1324-18T3