**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4110-18T2

Z.A.,[1]

    Plaintiff-Respondent,

v.

R.V., JR.,

    Defendant-Appellant.

_____

Submitted April 29, 2020 – Decided May 27, 2020

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FD-11-1092-18.

Wilfred S. Skey, attorney for appellant.

Szaferman, Lakind, Blumstein & Blader, PC, attorneys for respondent (Lindsey Moskowitz Medvin, of counsel and on the brief).

---

[1] Pursuant to Rule 1:38-3(d), we use initials to protect the confidentiality of the participants and the minor involved in these proceedings.

PER CURIAM

Defendant R.V., Jr. appeals from a May 14, 2019 order granting the application of plaintiff Z.A. to change the surname of the parties' son. This order also stayed the name change pending appeal. We affirm the challenged order and vacate the stay, substantially for the reasons set forth in Judge Brian McLaughlin's comprehensive oral opinion.

The parties are former cohabitants and the adoptive parents of an eight-year-old boy. They began a dating relationship in February 2012. While defendant was away on a business trip in April 2012, plaintiff became a foster parent to the parties' son. At that time, the boy was only four days old. The child lived solely with plaintiff until November 2012, when the parties decided to live together. Due to the parties' cohabitation, at the request of the State, defendant became a certified foster parent.

When the child's adoption was finalized in December 2014, the parties agreed he would assume defendant's surname. However, after the parties separated in September 2017, plaintiff advised defendant she wanted their son to bear the hyphenated surnames of both of his parents. Defendant opposed this request, so after the parties entered into a formal custody, parenting time and child support agreement, they proceeded to a hearing on the name change issue.

A-4110-18T2

On May 10, 2019, following two days of hearings at which both parties testified, Judge McLaughlin issued an oral opinion granting plaintiff's name change application. At defendant's request, the judge stayed his ruling pending appeal. On May 14, 2019, Judge McLaughlin entered an order confirming his rulings.

On appeal, defendant argues Judge McLaughlin failed to adhere to the factors outlined in Emma v. Evans, 215 N.J. 197 (2013) and abused his discretion by focusing on whether the proposed name change would be contrary to the child's best interests. We disagree.

Our review of a trial judge's fact-finding function is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). A judge's fact-finding is "binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare, 154 N.J. at 413. "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). This is so because the judge has the opportunity to see and hear the witnesses as they

A-4110-18T2

testify, thereby developing a "'feel of the case' that can never be realized by a review of the cold record." N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 396 (2009) (quoting D.Y.F.S. v. E.P., 196 N.J. 88, 104 (2008)). A judge's purely legal decisions, however, are subject to our plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Governed by these principles, we discern no reason to question the judge's findings. We add the following comments.

"When parents have agreed on a name at birth, the parent seeking the name change in a subsequent dispute must bear the burden of showing by a preponderance of the evidence that the name change is in the child's best interest." Emma, 215 N.J. at 222. The "best-interests-of-the-child test" applies regardless of whether the parents are married or unmarried "at the time of the child's birth." Ibid.

The Emma Court enunciated a "gender-neutral and child centered totality-of-the-circumstances analysis of the child's interest in retaining or having altered his or her given surname." 215 N.J. at 223. In that regard, the Court identified a non-exhaustive list of "possible factors that may bear on a best-interests-of-the-child analysis in these disputes." Id. at 222. First, the Court identified the

following "child-centric considerations" originally enumerated in <u>Gubernat v. Deremer</u>, 140 N.J. 120, 141-42 (1995):

> 1. The length of time the child has used his or her given surname.
>
> 2. Identification of the child with a particular family unit.
>
> 3. Potential anxiety, embarrassment, or discomfort that may result from having a different surname from that of the custodial parent.
>
> 4. The child's preference if the child is mature enough to express a preference.
>
> [<u>Emma</u>, 215 N.J. at 223.]

Next, the <u>Emma</u> Court considered the following factors to be weighed by a Family Part judge when addressing a child's name change, some of which were identified in <u>Gubernat</u>:

> 5. Parental misconduct or neglect, such as failure to provide support or maintain contact with the child.
>
> 6. Degree of community respect, or lack thereof, associated with either paternal or maternal name.
>
> 7. Improper motivation on the part of the parent seeking the name change.
>
> 8. Whether the mother has changed or intends to change her name upon remarriage.

5

9. Whether the child has a strong relationship with any siblings with different names.

10. Whether the surname has important ties to family heritage or ethnic identity.

11. The effect of a name change on the relationship between the child and each parent.

[Id. at 223.]

Our review of the record satisfies us that Judge McLaughlin carefully considered these factors. He also identified those factors which were inapplicable to the instant matter, such as parental misconduct or an improper motivation for the party seeking the name change.

Defendant argues the judge improperly deviated from the child-centric analytical paradigm the Court emphasized in Emma when he construed factor number three to permit consideration of plaintiff's potential anxiety, embarrassment, or discomfort in having a different surname from her son. We disagree. The record shows Judge McLaughlin merely acknowledged plaintiff's argument that factor three could be applied to parents. Of course, such an argument flies in the face of the child-centric approach enunciated in Emma. More importantly, here, the judge did not find plaintiff's credible testimony about her own anxiety and discomfort "to be particularly compelling." On the other hand, Judge McLaughlin did find "rather compelling [the] testimony from

[plaintiff] about her own situation with her mother [who] . . . never married her father, and kept her surname."

It is evident that once Judge McLaughlin assessed the applicable Emma factors, he continued to stress the need to focus on the child's best interest and to not be influenced by "any gender preferences." Noting the parties were "exemplary parents," he found the proposed hyphenated name would permit the child to "enjoy and . . . be enriched by both sides of his family heritage, and it's . . . not by one side at the expense of the other." Further, the judge concluded the name change would promote "important ties to family heritage or ethnic identity," and place " both parents on an equal footing, . . . by permitting [their son] to enjoy his blended relationship with both the [parties'] families."

Given our deferential standard of review and Judge McLaughlin's extensive findings, we perceive no basis to disturb his decision granting plaintiff's name change application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4110-18T2