**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2828-20

FARYAL KHAWAJA,

    Plaintiff-Appellant,

v.

MUHAMMAD BUTT,

    Defendant-Respondent.

_____

        Submitted January 3, 2022 – Decided January 14, 2022

        Before Judges Sumners and Firko.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FD-04-0458-21.

        Daniel K. Newman, attorney for appellant.

        Melissa Fecak, attorney for respondent.

PER CURIAM

In this non-dissolution matter, plaintiff Faryal Khawaja, the mother of E.M.,[1] born in July 2019, appeals from an April 27, 2021 Family Part order denying her motion for reconsideration of a February 25, 2021 order, which addressed custody and parenting time. The judge ordered that the parties' then nineteen-month-old infant daughter E.M. could travel between plaintiff's home in Cherry Hill and Kansas City, Missouri, for parenting time with her father, defendant Muhammad Butt. Defendant moved to Clinton, Maryland, during the pendency of this appeal and claims the issues raised on appeal are now moot. For the reasons that follow, we dismiss the appeal.

I.

The following facts are derived from the record. Plaintiff is a natural born citizen of the United States. Defendant was born in Pakistan and is not a United States citizen. He has an application for asylum, which "is currently pending in Immigration Court." Plaintiff claims defendant's asylum application and first appeal of same were denied.

On July 25, 2018, the parties were married. Their marriage was pre-arranged. Prior to their marriage, plaintiff resided in Philadelphia, Pennsylvania, and defendant lived in Kansas City. Following their marriage,

---

[1] We use initials to protect the identity of the minor child.

A-2828-20

plaintiff moved to Kansas City to reside with defendant. In December 2018, while pregnant, plaintiff advised defendant she "wanted to live in Philadelphia with her family." Despite her representation, plaintiff returned to Kansas City in January 2019, and resided there with defendant until Spring 2019, when she again moved back to her parents' home. In July 2019, E.M. was born in Philadelphia.

In October 2019, plaintiff and her parents moved to Cherry Hill. Later that month, plaintiff moved "back to Kansas City to try and make the marriage work," but to no avail. In December 2019, plaintiff returned to Cherry Hill. Both parties claim the other was physically and verbally abusive, and they each attempted to reconcile the marriage to the other's refusal. Defendant asserts he sought assistance from the Ahmadiyya Muslim Community relative to establishing parenting time and child support through a mediation process without success. According to plaintiff, between December 2019 and October 2020, defendant "never came to visit either [her] or [E.M.] in New Jersey at any time."

On October 22, 2020, plaintiff filed a pro se, non-dissolution complaint in the Family Part seeking legal and residential custody of E.M., and to compel defendant's cooperation in obtaining the child's passport. Counsel entered an

appearance on behalf of plaintiff on November 18, 2020. On January 5, 2021, the judge conducted oral argument relative to the issues raised in the complaint.[2] The next day, the judge entered an order: (1) referring the issues of custody and parenting time to mediation; (2) ordering defendant to pay child support to plaintiff in the amount of $100 per week; and (3) requiring "daily videocalls" between defendant and E.M.[3] The order also provided: "If mediation is not successful, the parties shall individually file a proposed [p]arenting [plan]."

The parties were able to agree upon defendant's parenting time for March and April 2021. On March 27, 2021, defendant agreed to travel to New Jersey for parenting time with E.M. and to stay at a hotel. On April 3, 2021, plaintiff agreed to travel with E.M. to Kansas City so defendant could exercise overnight parenting time with E.M. while plaintiff stayed at a hotel. It was anticipated the arrangement would last one week. Plaintiff planned to watch E.M. while defendant was at work.

---

[2] The transcript of the January 5, 2021 oral argument is not included in the appendices.

[3] On January 7, 2021, the judge entered an amended order changing the time of the daily videocalls from 7:00 p.m. Central Standard Time to Eastern Standard Time.

A-2828-20

On February 12, 2021, after court mediation was unsuccessful,[4] defendant filed his proposed parenting time plan and requested joint legal custody of E.M. He also sought parenting time "one week a month [starting] in March 2021," and requested plaintiff be responsible for all round-trip transportation costs for herself and E.M. Defendant agreed to be responsible for obtaining daycare during his parenting time. In contravention of the judge's order, plaintiff did not file a written, proposed parenting plan. On February 15, 2021, defendant filed a complaint for divorce, seeking, in pertinent part: (1) dissolution of the marriage; (2) "joint legal and physical custody of [E.M.]"; (3) naming mother the parent of primary residence (PPR) and father the parent of alternate residence (PAR); (4) "reasonable and liberal parenting time"; and (5) child support to be calculated in accordance with the New Jersey child support guidelines.[5]

The next day, the judge conducted oral argument relative to the non-dissolution matter. During the hearing, plaintiff verbalized her parenting plan, which essentially sought a gradual increase in defendant's parenting time with E.M. because plaintiff asserted he "is literally a stranger to" the child. Plaintiff

---

[4] The record does not reflect the date of the parties' custody and parenting time mediation.

[5] M.B. v. F.K., docket number FM-04-0988-21. No responsive or other pleadings under the FM docket are included in the appendices.

requested defendant have supervised parenting time with either her or one of her relatives serving as a monitor. When questioned by the judge as to what danger existed to justify the "need for supervised parenting time," plaintiff simply stated she was "just concerned about [E.M.]'s reaction." Defendant noted plaintiff's plan "would be well over a year before [he] would have any kind of extended time with [E.M.]."

On February 25, 2021, the judge placed his decision on the record. A memorializing order was entered awarding the parties "joint legal custody of E.M. and setting forth a parenting-time schedule, including" airplane travel and expenses. The judge granted defendant parenting time one week per month with an additional week in July. Furthermore, the judge "revised the base child support obligation to $115 per week plus arrearages of [thirty dollars] per week to be paid through the Camden County Probation Department."

In his decision, the judge highlighted "the public policy of the State of New Jersey" is "that children are to have an opportunity to have frequent and recurring contact with both parents." Consequently, the judge denied plaintiff's request for supervised parenting time and did not restrict "any particular means of transportation," absent any evidence of significant risk of abuse or danger, including the COVID-19 virus.

A-2828-20

On March 19, 2021, after retaining new counsel, plaintiff filed an application for modification and for reconsideration.[6] She included a "proposed parenting plan" with her submission and plaintiff certified she was "mindful of the fact that . . . [E.M.] needs to have a relationship with her father." On March 27, 2021, defendant flew to New Jersey to exercise his parenting time, but plaintiff disavowed their agreement and only allowed him supervised parenting time with E.M. at one of two malls for a limited duration of time. Defendant claims plaintiff showed up late, insulted him in front of E.M., and tried to videotape him.

In contrast, plaintiff claims she, her mother, and E.M. met defendant together "every day from the Saturday he arrived until that Friday," and "[t]he sessions lasted for several hours plus or minus each day." Plaintiff certified on March 30, 2021, defendant argued with her and "started the conversation by insulting [her] family and [her]." "That [day] he left early and did not pay any attention to [E.M.]" She claims defendant did not come prepared to the sessions. "[N]o diaper bag, . . . diapers, . . . bottles, . . . food, . . . clothing or gifts/toys for [E.M.]"

---

[6] The record is unclear if plaintiff filed the application for modification as a self-represented litigant. However, the application for reconsideration was filed by her counsel.

On April 7, 2021, defendant filed a cross-application to modify the February 25, 2021 order and require "the parties to attend co-parenting counseling," for make-up parenting time based on plaintiff's "bad faith behavior," and counsel fees. On April 22, 2021, plaintiff "amended" her proposed parenting plan to request defendant have supervised parenting time with E.M. in New Jersey, and then gradually move to unsupervised parenting time.

On April 26, 2021, the judge conducted oral argument on the non-dissolution applications. The next day, the judge placed his decision on the record denying plaintiff's application for reconsideration. The judge granted defendant's cross-application to compel the parties to attend co-parenting counseling and granted defendant one week of make-up parenting time. Defendant's request for counsel fees was denied. According to defendant, he has not exercised parenting time since April 2021. This appeal ensued.

On appeal, plaintiff raises two arguments:

> (1) the terms and conditions of the February 25, 2021 order are not in the best interests of E.M. and constitute a danger with respect to the child's safety and upbringing; and

> (2) the methodology employed by the judge in his February 25, 2021 order is violative of New Jersey decisional law warranting reversal.

8

## II.

Our review of the Family Part's determination in custody and parenting time issues is limited. See Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007). "Family Part judges are frequently called upon to make difficult and sensitive decisions regarding the safety and well-being of children." Ibid. "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to [the] [F]amily [Part's] factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). The Family Part is invested "with broad discretion because of its specialized knowledge and experience in matters involving parental relationships and the best interests of children." N.J. Div. of Child Prot. & Perm. v. A.B., 231 N.J. 354, 365 (2017) (quoting N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 427 (2012)).

Therefore, we will generally defer to factual findings made by the Family Part so long as such findings are "supported by adequate, substantial, [and] credible evidence." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015)); see also A.B., 231 N.J. at 365 ("[W]e defer to [F]amily [P]art judges 'unless they are so wide of the mark that our intervention is required to avert an injustice.'" (quoting F.M., 211 N.J. at 427)).

A-2828-20

With this deference, the family courts' findings "will only be disturbed if they are manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence." N.H. v. H.H., 418 N.J. Super. 262, 279 (App. Div. 2011) (quoting Crespo v. Crespo, 395 N.J. Super. 190, 193-94 (App. Div. 2007)). This is particularly so where the evidence is largely testimonial and rests on the court's credibility determination. Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare, 154 N.J. at 411-12. The appellate court owes no special deference to the Family Part's legal determinations, however, which are reviewed de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016); Slawinski v. Nicholas, 448 N.J. Super. 25, 32 (App. Div. 2016).

From the onset, we note that plaintiff initially filed her appeal on June 10, 2021—105 days after the February 25, 2021 order was filed. Even giving plaintiff the most indulgent presumption her application for reconsideration was "timely" filed with the Family Part, thereby invoking tolling of the forty-five-day time limit from March 19 to April 27, 2021, pursuant to Rule 2:4-3(e), her appeal was filed late—sixty-six days after the February 25, 2021 order under review.

Typically, a notice of appeal that is filed out of time would be addressed by this court by way of a motion filed under Rule 2:8-2 based on a procedural

10

defect. When an "appeal is untimely, the Appellate Division [lacks] jurisdiction to decide the merits." Ricci, 448 N.J. Super. at 565 (quoting In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)). It is well established "that when the time for taking an appeal has run the parties to the judgment have a vested right therein[,] which cannot subsequently be taken from them. . . . [I]t is of the utmost importance that at some point judgments become final and litigations come to an end." Hill, 241 N.J. Super. at 371 (second and third alterations in original) (quoting In re Pfizer's Est., 6 N.J. 233, 239 (1951)).

Rule 2:4-1(a) provides an appeal "shall be filed within [forty-five] days of their entry." Rule 2:4-3(e) permits tolling of the forty-five-day limit if a "timely" motion for reconsideration was filed with the Family Part. "However, an untimely motion to reconsider does not" toll the time. Eastampton Ctr., LLC v. Plan. Bd. of Twp. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002). Rule 4:49-2 requires a party to serve a motion for reconsideration of an order within twenty days of service of the order. Neither the parties nor the judge may enlarge the time limit. R. 1:3-4(c). In view of the documented procedural history of the order under review, we are constrained to dismiss plaintiff's untimely appeal because we lack jurisdiction. Ricci, 448 N.J. Super. at 565.

11

We also add that plaintiff's appeal of the April 27, 2021 order was effectively waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citing Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008)); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001)); see also Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2022) ("It is, of course, clear that an issue not briefed is deemed waived."). Briefing an issue requires more than a mere mention. See Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming an issue waived when the brief included only "one sentence in the conclusion section" with respect to the issue). A brief must assert a position on the issue and present "arguments in support of its contention." Ibid.

Here, although both plaintiff's notice of appeal and amended notice of appeal state that she is appealing the Family Part's April 27, 2021 order, plaintiff's brief: (1) only lists the initial February 25, 2021 order in the table of orders being appealed, see R. 2:6-2(a)(2)(A) (requiring a table listing where in the record the Family Part's appealed orders are located); (2) only requests this court to reverse the February 25, 2021 order in her conclusion, Telebright Corp., 424 N.J. Super. at 393; and (3) is devoid of a specific legal argument with respect

to the Family Part's April 27, 2021 order, see R. 2:6-2(a)(6) (requiring a legal argument).

"Even taking the most indulgent view of [her] submission," Telebright Corp., 424 N.J. Super. at 393, plaintiff's appeal of the Family Part's April 27, 2021 order is a single sentence issue. She asserted that "[w]hen the [Family Part] was supplied with detailed, unchallenged medical and scientific literature as to the dangers of an unmasked infant extensively flying during the COVID[-19] pandemic, . . . it conveniently ignored the information under the pretext that it was not offered during the initial oral argument." We therefore conclude that plaintiff's appeal of the Family Part's April 27, 2021 order has been waived.

Moreover, in view of defendant's relocation to Maryland, we must determine whether the issues raised on appeal are moot. Ordinarily, a court will not decide issues "when a controversy no longer exists and the disputed issues have become moot." De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring); see N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949). However, courts have, at times, decided an otherwise moot appeal "where the underlying issue is one of substantial . . . review." Zirger v. Gen. Accident Ins. Co., 144 N.J 327, 330 (1996); see Mistrick v. Div. of Med. Assist. & Health Servs., 154 N.J. 158, 165 (1998).

On appeal, plaintiff contends the Family Part's February 25, 2021 order, "is inarguably inimical to the best interests of" E.M. because defendant and E.M. are "virtual strangers," and placing E.M. on an airplane approximately thirty times a year increases her susceptibility to the COVID-19 virus.

In his brief, defendant argues his relocation from Kansas City to Clinton, Maryland, renders plaintiff's objections to his parenting time moot because: (1) the distance between the parties' residences "is approximately two[-]and[-]a[-] half hours by car," and, therefore, E.M. will not "be exposed to anyone other than the parties to effectuate . . . transportation"; and (2) plaintiff's objection to defendant "allegedly being a 'stranger' to [E.M.]" is now also moot because E.M. "and [d]efendant have had nightly contact via videoconferencing for almost a year and [E.M.] is now over two years in age."

Because we have determined plaintiff's appeal must be dismissed, there is no reason for this court to decide the issues presented on appeal, or whether the issues are moot. Going forward, the issue of custody and parenting time should be addressed in the dissolution matter under the FM docket number.

Accordingly, the appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION