**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2861-22

MARYANA IVLEV,

    Plaintiff-Respondent,

v.

DMITRIY IVLEV,

    Defendant-Appellant.

_____

Submitted November 14, 2024 – Decided February 26, 2025

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1644-13.

Mark S. Carter, attorney for appellant.

Townsend, Tomaio & Newmark, LLC, attorneys for respondent (Nicole A. Cioffi and Grace Eisenberg, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant appeals the trial court's orders of February 24, 2023, that granted plaintiff an upward modification of child support, and April 28, 2023, that awarded plaintiff attorney's fees and costs. Because the trial court's findings of fact were adequately supported in the record and it correctly applied well-established law, we affirm.

The parties were married in 2005. There are two children from the marriage, one born in 2008 and the other in 2010. The parties divorced in 2013. The judgment of divorce incorporated a marital settlement agreement (MSA) in which the parties agreed that plaintiff would "have the complete care, custody and control of both children," and defendant would have visitation rights.

In addition, the MSA contained a "support and maintenance" provision which provided:

> [Defendant] shall pay to [plaintiff] for the support, maintenance and education of the minor children $800[] per month until such time as the children attain the age of eighteen years, sooner die, become emancipated or self-supporting, or until further agreement of the parties or order of a court of competent jurisdiction.

The parties settled on child support in the amount of $800 to reflect defendant's annual income, at the time, of approximately $60,000.

2

In 2018, defendant moved to Texas in search of more gainful employment. In 2021, the parties engaged in motion practice regarding child support and counsel fees. After unsuccessful mediation, the court permitted discovery and set a trial date. The parties encountered discovery-related issues and the trial court ordered them to resolve their issues and complete depositions no later than October 31, 2022.

The parties' depositions were scheduled for October 31, 2022. Plaintiff's deposition lasted approximately five hours and concluded at the close of the business day. Defendant refused to reschedule his deposition because the October 31, 2022 deadline had expired. The parties were to exchange settlement proposals, and while plaintiff sent her proposal, defendant failed to do so.

In November 2022, the parties' attempt at another mediation failed. In January 2023, the trial court granted defendant's attorney's motion to be relieved as counsel and denied defendant's motion to compel further discovery.

The trial court held a plenary hearing over three days—February 10, 17, and 24, 2023. The only witnesses were the parties. The trial court found plaintiff "presented her testimony very credibly." The court observed plaintiff's "demeanor and candor . . . evince[d] a strong sense of credibility and an inherent

 A-2861-22

believability."  Alternatively, the court determined defendant's testimony was "misguided."

Plaintiff testified that her salary was approximately $120,000, although her income was subject to fluctuation based on the housing market.  Defendant testified that plaintiff was capable of "earn[ing] more money."  Plaintiff testified that defendant's salary was approximately $170,000.  Defendant acknowledged that his salary had increased since the parties' divorce and that Texas had no state income tax.

Plaintiff presented a detailed spreadsheet that accounted for the children's expenses.  She explained that as the children were growing, their needs and interests changed, and she needed additional child support to address them.  As to the children's activities, particularly equestrian and ice skating, plaintiff testified that the activities were in the children's best interests because they gave the children a sense of "control"; "respect[]"; and physical activity.  Defendant testified that he believed plaintiff "spen[t] too much money," namely on their daughter's "equestrian hobby," and that "$800 a month [wa]s plenty of money to cover [plaintiff]'s lifestyle in the last ten years."

In an oral opinion, the trial court granted plaintiff's motion for an upward modification of child support. The trial court rejected defendant's argument that

the MSA prohibited a modification of child support. Further, the trial court recognized its obligation to apply the New Jersey Child Support Guidelines, but also stated that because of the parties' high-earner status, it could order what was necessary for the children.

The trial court permitted plaintiff's attorney to submit an updated certification of services in support of plaintiff's motion for attorney's fees and costs. Further, the court permitted defendant time to file any opposition.

On April 28, 2023, the trial court heard the parties' oral argument concerning plaintiff's attorney's fees request. In a detailed oral opinion, the trial court stated that it had the authority to award fees under Rule 4:42-9(a)(1), N.J.S.A. 2A:34-23, and Rule 5:3-5 and conducted a thorough analysis of the factors listed in N.J.S.A. 2A:34-23 and Rule 5:3-5. In addition, the trial court conducted the "lodestar" analysis as required by the New Jersey Supreme Court.[1]

The judge considered and found several factors that supported an award of attorney's fees to plaintiff. As relevant here, the trial court determined that defendant's positions—regarding the MSA barring the court's consideration of changed circumstances, and the parties' income levels and maturation of the

---

[1] Under "state fee-shifting statutes, the first step in the fee-setting process is to determine the 'lodestar': the number of hours reasonably expended multiplied by a reasonable hourly rate." Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995).

A-2861-22

children being irrelevant to changed circumstances—were "frivolous." The court found defendant's continued reliance on misguided arguments resulted in the incurrence of "indefinite[]" counsel fees. In addition, the trial court determined defendant acted in bad faith using "tactics," that included "overbroad discovery requests" and the "consumption of all the deposition time on . . . irrelevant inquir[ies]." The trial court found defendant's intent was to "harass" plaintiff. Further, the trial court found that defendant exhibited an "unwillingness or intransigence during the litigation process to fairly negotiate." In considering the total amount of attorney's fees and costs plaintiff sought— $114,000—the trial court deducted the time for when it determined defendant was not acting in bad faith and awarded plaintiff $79,109.42.

On appeal, defendant argues the trial court erred in finding changed circumstances; failed to follow the clear language of the parties' MSA; and abused its discretion in awarding plaintiff attorney's fees.

We accord deference to the family court's findings of fact "[b]ecause of the family courts' special jurisdiction and expertise in family matters." Cesare v. Cesare, 154 N.J. 394, 413 (1998). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)).

A-2861-22

Therefore, we "uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"The basic contractual nature of matrimonial agreements has long been recognized." Pacifico v. Pacifico, 190 N.J. 258, 265 (2007). "[T]he interpretation of contract language is a question of law." Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 210 N.J. 597, 605 (2012). Thus, our review of the parties' MSA is de novo. See Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011).

"It is well-settled that '[c]ourts enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 615-16 (2020) (internal quotation marks omitted) (alteration in original) (quoting Matter of Cnty. of Atl., 230 N.J. 237, 254 (2017)). In our

approach, "[t]he plain language of the contract is the cornerstone of the interpretive inquiry; 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result.'" Id. at 616 (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

Child support is necessary to ensure that parents provide for the "basic needs" of their children. Pascale v. Pascale, 140 N.J. 583, 590 (1995). "A party seeking modification of . . . [a] child support obligation has the burden of demonstrating a change in circumstances warranting an adjustment." Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)). Our "courts have recognized 'changed circumstances' that warrant modification in a variety of settings . . . includ[ing]: . . . [the] increase or decrease in the supporting spouse's income" and "[w]hen children are involved, an increase in their needs -- whether occasioned by maturation, the rising cost of living or more unusual events . . . ." Lepis, 83 N.J. at 151. "Any decision must be made in accordance with the best interests of the children." Jacoby, 427 N.J. Super. at 116. "Our rules require that the trial court apply the child support guidelines . . . when considering child support . . . ." Caplan v. Caplan, 182 N.J. 250, 264 (2005). When the parents' combined net income

exceeds a certain threshold, the court has further discretion under the guidelines. See Strahan v. Strahan, 402 N.J. Super. 298, 307 (App. Div. 2008).

As to the award of attorney's fees and costs, "New Jersey has a strong public policy against the shifting of costs and . . . has embraced that policy by adopting the 'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party." Litton Indus. Inc. v. IMO Indus., Inc., 200 N.J. 372, 404 (2009) (quoting In re Est. of Vayda, 184 N.J. 115, 120 (2005)). Therefore, "a prevailing party may not be granted attorney's fees unless authorized by the parties' contract, court rule, or statute." Ibid. (quoting Rock Work, Inc. v. Pulaski Const. Co., 396 N.J. Super. 344, 350-51 (App. Div. 2007)). In family actions, a trial court has the discretion to award attorney's fees under Rules 4:42-9(a)(1) and 5:3-5(c) and N.J.S.A. 2A:34-23.

Whether we are reviewing a trial court's order modifying child support obligations, or awarding attorney's fees and costs, our standard of review is an abuse of discretion. See Jacoby, 427 N.J. Super. at 116 ("[w]hen reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion"); and Rendine, 141 N.J. at 317 ("fee determinations by trial courts [should] be

disturbed only on the rarest occasions, and then only because of a clear abuse of discretion.").

An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Here, applying these well-established principles, we conclude defendant's arguments have no merit. As to the award of an upward modification of child support, defendant argues "the mere increase of income by one or both of the parties is not sufficient by itself to justify an increase in the base child support" and "[t]he MSA signed constituted a waiver of any change of circumstances."

However, the increase in the parties' income is relevant. See Lepis, 83 N.J. at 151. Moreover, the trial court's analysis not only included the parties' incomes, but also included the maturation of the parties' children. The trial court's factual findings in these respects were sufficiently supported in the record and will not be disturbed. Further, the trial court's conclusion that these facts evidenced changed circumstances is unassailable.

Further, defendant's argument that the parties' MSA precluded the modification of child support is unavailing. The express terms of the MSA provide that child support may be modified by "court order." The language unmistakably lends itself to future modification, including a motion to modify child support and, if successful, a court order.

Lastly, in terms of the trial court's award of attorney's fees, defendant argues that the trial court erred in finding that he acted in "bad faith" because his "arguments were made in good faith and reliance on the MSA." Further, defendant argues the trial court failed to "do the analysis required by . . . Rendine."

We conclude the trial court did not misuse its discretion in awarding plaintiff attorney's fees and costs. The trial court's findings as to defendant's bad faith are sufficiently supported in the record. Moreover, we note "litigation may become frivolous, and therefore sanctionable, by continued litigation over a meritless claim, even if the initial pleading was not frivolous or brought in bad faith." Bove v. AkPharma Inc., 460 N.J. Super. 123, 152 (App. Div. 2019). "This is because the 'requisite bad faith or knowledge of lack of well-groundedness may arise during the conduct of the litigation.'" Ibid. (quoting United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009)).

11

Moreover, defendant's assertion that the trial court failed to conduct the Rendine analysis is wholly undermined by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION