**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3561-18

IN THE MATTER OF THE
CHALLENGE TO THE DENIAL
OF THE REQUEST FOR
ADJUDICATORY HEARING
AND THE GRANT OF CAFRA
PERMIT REGARDING
MORDECHAI STERNSTEIN C/O
GDMS HOLDINGS, LLC CAFRA
INDIVIDUAL PERMIT,
FRESHWATER WETLANDS
GENERAL PERMIT NO. 6, AND
WATER QUALITY
CERTIFICATE, PERMIT NO.
1500-04-0005.3 APL1700001
CHALLENGED BY FAIRWAYS
AT LAKE RIDGE
HOMEOWNERS ASSOCIATION,
INC., DATED APRIL 12, 2019.

_____

Argued April 19, 2021 – Decided June 22, 2021

Before Judges Currier and DeAlmeida.

On appeal from the New Jersey Department of
Environmental Protection, Permit Nos. 6 and
1500-04-0005.3 APL1700001.

Michele R. Donato argued the cause for appellant Fairways at Lake Ridge Homeowners Association, Inc.

Matthew N. Fiorovanti argued the cause for respondent Mordechai Sternstein c/o GDMS Holdings, LLC (Giordano, Halleran & Ciesla, attorneys; Matthew N. Fiorovanti, of counsel and on the brief; David J. Miller, on the brief).

Kathrine M. Hunt, Deputy Attorney General, argued the cause for respondent New Jersey Department of Environmental Protection (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Kathrine M. Hunt, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Fairways at Lake Ridge Homeowners Association, Inc. (Fairways) appeals from the April 12, 2019 order of respondent Commissioner, Department of Environmental Protection (DEP) denying its request for an adjudicatory hearing with respect to approvals DEP issued to respondent Mordechai Sternstein c/o GDMS Holdings, LLC (GDMS) authorizing the commercial and residential development of respondent's property. We affirm.

I.

The following facts are derived from the record. GDMS intends to develop four contiguous lots comprising approximately 100 acres in Lakewood Township on which is located the Eagle Ridge golf course. Fairways is a

homeowners' association whose members include approximately 1124 property owners in an age-restricted residential development adjacent to the golf course. A private road in the Fairways development, Augusta Boulevard, provides access to the golf course through an easement.

In 2017, GDMS applied to DEP for permits necessary to develop the property pursuant to the Coastal Area Facility Review Act (CAFRA), N.J.S.A. 13:19-1 to -51, the Freshwater Wetlands Protection Act (FWPA), N.J.S.A. 13:9B-1 to -30, and regulations implementing the statutes. Fairways opposed the application.

On August 3, 2017, DEP denied the application. GDMS challenged the denial and requested the matter be submitted to DEP's alternative dispute resolution process. GDMS and DEP entered into a settlement that provided for DEP to publish a notice of intent to settle and issue approvals to GDMS for development of its property, a thirty-day public comment period, and submission of agreed upon plans to Lakewood and interested parties that previously commented on GDMS's application. The stipulation provided that DEP would issue the approvals following the public comment period unless any comments showed that the decision to approve the development was based on

incomplete or inaccurate information or violated DEP regulations. Fairways submitted comments on the settlement during the public comment period.

On January 11, 2018, DEP issued a CAFRA individual permit, freshwater wetlands general permit, and a water quality certificate to GDMS (collectively, the Permit). The Permit authorizes the construction of 1034 residential units, five community buildings, a clubhouse, retail buildings, parking, internal roadways, stormwater management facilities, and associated improvements on the golf course property. The Permit also authorizes filling 14,941 square feet (0.34 acres) of isolated intermediate value freshwater wetlands and requires GDMS to record conservation restrictions on 1.94 acres of forested area to meet vegetation cover requirements and other areas of critical habitat for the red-headed woodpecker, a protected species under CAFRA.

Notice of the January 11, 2018 issuance of the Permit was published in the DEP bulletin on February 7, 2018. Fairways did not file a notice of appeal challenging the Permit.

On February 15, 2018, Fairways requested an adjudicatory hearing regarding issuance of the Permit. In its hearing request, Fairways argued that the Permit conflicts with certain provisions of Lakewood municipal land use ordinances, earlier municipal approvals for GDMS's planned development, and

CAFRA's implementing regulations. Fairways also argued that the planned development of the golf course property requires additional permits and conflicts with prior CAFRA approvals issued with respect to the development of the Fairways community. Fairways contends that the approval of its development was conditioned on the golf course property remaining open space and that the Permit allows GDMS to use Augusta Boulevard for access to its proposed development, contrary to the terms of the existing easement.

GDMS opposed the application, arguing Fairways lacked standing to request a hearing and that its substantive arguments were meritless. It stated that it did not intend to use Augusta Boulevard for access to the development.

On April 12, 2019, the Commissioner denied Fairways's request for a hearing. The Commissioner found that Fairways was not an applicant, State agency, or an individual with a "particularized property interest sufficient to require a hearing on constitutional or statutory grounds." N.J.S.A. 52:14B-3.2. The Commissioner noted that neither CAFRA nor FWPA give Fairways a statutory right to an adjudicatory hearing. In addition, the Commissioner determined that Fairways's interest in the Augusta Boulevard easement was not a particularized property interest sufficient to create a right to an adjudicatory hearing because the Permit authorizes activities on land adjacent to, but not

including, Augusta Boulevard and does not impact the existing easement or its terms. Further, the Commissioner noted that GDMS had conceded that it does not intend to use Augusta Boulevard for access to its development.

The Commissioner also found that Fairways's contention regarding the dedication of the golf course property as open space was, in effect, a question of interpretation and implementation of Lakewood's zoning ordinances within the exclusive jurisdiction of the municipality. The Commissioner also noted that a standard condition of the Permit requires GDMS to obtain all necessary permits and approvals from the municipality. Fairways can raise its claims concerning the alleged open space dedication before municipal officials.[1]

On April 23, 2019, Fairways filed a notice of appeal challenging the April 12, 2019 agency decision. Fairways raises the following arguments.

> POINT I
>
> THE CAFRA PERMIT AND THE DENIAL OF THE ADJUDICATORY HEARING LACK SUBSTANTIAL CREDIBLE EVIDENCE TO SUPPORT THE DECISION OF THE [DEP].
>
> POINT II

---

[1] The Commissioner took no position on constructive trust, consumer fraud, and statutory claims concerning the marketing of the Fairways development that Fairways has alleged in a pending Law Division action.

THE [DEP] ERRED IN FAILING TO RECOGNIZE THAT THE FAIRWAYS ASSOCIATION HAS A PARTICULARIZED INTEREST AND IN CONCLUDING THAT A CONSTITUTIONAL RIGHT MUST BE SHOWN.

POINT III

THE [DEP] ERRED IN APPROVING SETTLEMENT OF A DENIED PERMIT WITHOUT COMPLIANCE WITH THE ADMINISTRATIVE CODE.

POINT IV

THE [DEP] ERRED IN IGNORING THE OPEN SPACE PROTECTIONS OF THE [MUNICIPAL LAND USE LAW].

POINT V

THE 2018 CAFRA PERMIT ALLOWS A PERCENTAGE OF IMPERVIOUS COVERAGE INCONSISTENT WITH THE STATE PLAN POLICY MAP.

GDMS and DEP argue that Fairways's appeal is limited to the denial of its request for an adjudicatory hearing because Fairways did not appeal the January 11, 2018 issuance of the Permit. They argue that this court lacks jurisdiction to consider Fairways's substantive challenges to the Permit.

II.

We first address the scope of Fairways's appeal. When DEP issued the Permit on January 11, 2018, Fairways had the option of appealing the Permit

7                                                                              A-3561-18

directly to this court within forty-five days, R. 2:4-1(b), pursuing administrative remedies at the DEP, N.J.A.C. 7:7-28.1, or taking both steps. In re Riverview Dev., LLC, 411 N.J. Super. 409, 425 (App. Div. 2010). Fairways elected to seek a hearing at the DEP. It did not file a notice of appeal challenging the substantive provisions of the Permit within forty-five days of its issuance.

Fairways's request for a hearing did not affect the Permit's status as a final agency decision. N.J.A.C. 7-7.28.3(b) provides that "[w]hen a person other than the permittee requests an adjudicatory hearing on a permit or authorization, the operation of the permit or authorization is not automatically stayed. The Department shall stay operation of the permit or authorization only if it determines that good cause to do so exists." This regulation implicitly recognizes that a DEP approval that is the subject of a third-party adjudicatory hearing request is a final agency decision. To conclude otherwise would render the regulation superfluous, as a stay of a DEP approval would not be a consideration if the permit was not final.

The DEP's April 12, 2019 final agency decision, which is the only decision of the agency issued within forty-five days of the April 23, 2019 notice of appeal, concerns the narrow question of whether Fairways was entitled to an adjudicatory hearing. Fairways cannot assert a time-barred challenge to the

substantive basis of the Permit through its appeal of DEP's decision to deny its request for an adjudicatory hearing. See Dep't of Law & Pub. Safety v. Contemporary Cmtys., 337 N.J. Super. 177, 179 (App. Div. 2001). We, therefore, do not address the arguments raised by Fairways regarding the substantive validity of the Permit.

III.

With respect to the agency's denial of Fairways's request for an adjudicatory hearing, a "strong presumption of reasonableness attaches to the actions of the administrative agencies." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). The scope of our review of a final decision of an administrative agency is limited and we will not reverse such a decision unless it is "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). When making that determination, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly

9

erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Ibid. (citing In re Carter, 191 N.J. 474, 482-83 (2007)).]

We are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue . . . ." Carter, 191 N.J. at 483 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). We will, however, generally "afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 420 (2009) (quoting Richardson v. Bd. of Trs., 192 N.J. 189, 196 (2007)). Substantial deference must be extended to an agency's interpretation of its own regulations, particularly on technical matters within the agency's expertise. In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 488-89 (2004).

Under the Administrative Procedure Act (APA or the Act), an "applicant" is entitled to request an adjudicatory hearing with respect to a decision by the DEP on its application. The APA defines "applicant" as an entity seeking an "agency license, permit, certificate, approval, chapter, registration[,] or other form of permission required by law." N.J.S.A. 52:14B-3.2. The Act, however, "strictly limits the situations in which third parties are entitled to . . . a formal

hearing to challenge a permit application." In re Riverview Dev., 411 N.J. Super. at 424. A third party is defined as any person other than:

    a.    An applicant . . . .

    b.    A State agency; or

    c.    A person who has a particularized property interest sufficient to require a hearing on constitutional or statutory grounds.

    [N.J.S.A. 52:14B-3.2.]

Accordingly, a non-applicant can demand an adjudicatory hearing only where the non-applicant can demonstrate: (1) a right to a hearing under an applicable statute; or (2) a "particularized property interest" of constitutional significance. In re Freshwater Wetlands Statewide Gen. Permits, 185 N.J. 452, 463–64 (2006). These limitations are "intended to prevent the processing of permit applications by State agencies from being bogged down by time-consuming and costly formal hearings," which "consume substantial public and private resources." In re Riverview Dev., 411 N.J. Super. at 424.

Having considered the record in light of the applicable legal precedents, we conclude that DEP's decision denying Fairways's request for an adjudicatory hearing is well supported by the record. Fairways acknowledges that it is not an applicant with respect to the Permit. Neither the CAFRA nor the FWPA provide

a third-party with a statutory right to appeal a permit issued to an applicant by the DEP. In re Auth. for Freshwater Wetlands Statewide Gen. Permit 6, 433 N.J. Super. 385, 407 (App. Div. 2013) (finding the FWPA does not provide third-party objectors with the right to a plenary administrative hearing to challenge the DEP's issuance of a permit); Spalt v. Dep't of Envt'l Protection, 237 N.J. Super. 206, 211-12 (App. Div. 1989) (finding the CAFRA does not provide third-party objectors with the right to a plenary administrative hearing to challenge the DEP's issuance of a permit). Fairways identified no other statute entitling it to a hearing.

We also agree with DEP's determination that Fairways does not have a particularized property interest sufficient to create a right to an adjudicatory hearing. "[T]hird parties generally are not able to meet the stringent requirements for constitutional standing in respect of an adjudicatory hearing." In re NJPDES Permit No. NJ0025241, 185 N.J. 474, 482 (2006). Fairways does not own the property that GDMS seeks to develop; its members own property in an adjoining development. "[L]andowners objecting to the development of neighboring property" do not, by proximity alone, "have a particularized property interest warranting an adversarial hearing before an administrative law judge." In re Freshwater Wetlands Gen. Permits, 185 N.J. at 470. Our courts

12

have consistently held that a generalized property right shared with other property owners, such as collateral economic impacts, traffic, views, quality of life, recreational interest, and property values, are insufficient to establish a third-party right to an adjudicatory hearing. Ibid.; In re Riverview Dev., 411 N.J. Super. at 429; In re AMICO/Tunnel Carwash, 371 N.J. Super. 199, 212 (App. Div. 2004); In re Waterfront Dev. Permit No. WD88-0443-1, Lincoln Harbor Final Dev., 244 N.J. Super. 426, 436 (App. Div. 1990); Spalt, 237 N.J. Super. at 212; Normandy Beach Improv. Ass'n v. Comm'r, DEP, 193 N.J. Super. 57, 61 (App. Div. 1983).

Any interest that the members of Fairways have with respect to the alleged prior dedication of the golf course property as open space and the municipal and DEP approvals associated with the construction of their development are not particularized property interests under the APA. The DEP adjudicatory process is not the forum in which Fairways may assert those claims. The Commissioner concluded she would take no position on those claims, which Fairways may pursue before municipal land use authorities or in its pending Law Division action.

In addition, the Permit does not purport to affect Fairways's rights under the Augusta Boulevard easement. As the Commissioner aptly noted, the Permit

authorizes activities on land adjacent to, and not including, Augusta Boulevard, does not address the terms of the easement, and is based on a proposal that GDMS concedes does not include use of Augusta Boulevard for access to the development. As is the case with the zoning-related claims raised by Fairways, any rights that it has under the easement can be enforced through the courts. An adjudicatory hearing before the DEP is not the appropriate forum for claims under the easement.

To the extent we have not addressed any of Fairways's remaining arguments we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14                                                                     A-3561-18