241 N.J. Super. 367 (1990)
575 A.2d 42
IN THE MATTER OF EDWARD HILL.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1990.
Decided May 31, 1990.
*368 Before Judges COLEMAN, J.H., and BRODY.
Mary C. Beaumont, Deputy Attorney General, argued the cause for appellant (Robert J. Del Tufo, Attorney General of New Jersey, attorney; Mary C. Jacobson, Deputy Attorney General, of counsel; Mary C. Beaumont on the brief).
Robert A. Fagella argued the cause for respondent (Zazzali, Zazzali, Fagella & Nowak, attorneys; Robert A. Fagella of counsel and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The issue raised in this appeal is whether a motion for reconsideration can resurrect an appeal from a final administrative determination that was time-barred when the motion for reconsideration was filed. We hold it cannot.
Edward Hill was employed by the Department of Corrections (DOC) as a senior corrections officer and assigned to work at the New Jersey Training School for Boys at Jamesburg. Disciplinary charges were filed against Hill on January 7, 1987 because he left his assigned work area on December 31, 1986 and went to his apartment in the corrections facility where he attempted suicide by lacerating his left wrist. He was also charged with failing to have the capacity to properly perform his duties due to mental or physical disability. Removal from employment was sought based on N.J.A.C. 4:1-16.9 (recodified at N.J.A.C. 4A:2-2.3). The DOC found that the charges were sustained and terminated Hill's employment on February 26, 1987.
*369 Hill appealed to the Merit System Board (Board) which transferred the case to the Office of Administrative Law (OAL) as a contested case. A hearing was conducted before Administrative Law Judge (ALJ) Thomas Clancy. He denied the DOC's application to amend the charges to include the charges of "conduct unbecoming a public employee" and "neglect of duty." The ALJ issued his Initial Decision on November 19, 1987, in which he concluded that all charges should be dismissed. He found that the DOC had failed to produce any medical or psychiatric evidence indicating that Hill was mentally or physically incapacitated to the point of not being able to discharge his duties.
The Board, however, did not adopt the ALJ's conclusion that the charges should be dismissed. Instead, the Board concluded that the DOC's motion to amend the charges should have been granted. The Board amended the charges and remanded the matter to the OAL to conduct a hearing on the charges as amended.
A hearing on the amended charges was conducted before ALJ Roger Perichilli. The amended charges were: (1) conduct unbecoming an employee, contrary to N.J.A.C. 4A:2-2.3(a)(6); (2) neglect of duty, contrary to N.J.A.C. 4A:2-2.3(a)(7); and (3) incapacity to perform one's duty, contrary to N.J.A.C. 4A:2-2.3(a)(8). On July 29, 1988, the ALJ issued his Initial Decision on the amended charges. He concluded the amended charges should also be dismissed because no medical or other credible evidence had been presented which demonstrated that Hill was mentally or physically unable to perform his duties. The second ALJ's decision was mailed to the same attorneys involved in this appeal. The Board issued its Final Decision on September 19, 1988 adopting the recommendation of the ALJ. The Board ordered that Hill be reinstated to his former position with back pay, benefits and seniority for the period of removal.
The first relief sought by the DOC from the Board's final decision was a motion for reconsideration that was filed on *370 December 23, 1988. Counsel for Hill asserts that the motion for reconsideration was filed only after he sought to compel compliance with the Board's reinstatement order. The Board denied the motion for reconsideration on April 29, 1989 because the DOC failed to present any new evidence or additional information not presented at the original proceedings as required by N.J.A.C. 4A:2-1.6(b). In other words, the motion for reconsideration was an undisguised attempt to have the Board review the merits of the controversy. This appeal was filed on May 16, 1989.
On this appeal, the DOC contends:
I THE MERIT SYSTEM BOARD'S DECISION TO REINSTATE OFFICER HILL IS ARBITRARY, CAPRICIOUS AND UNREASONABLE, IS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE PRESENT IN THE RECORD AND SHOULD BE REVERSED BECAUSE IT FAILS TO ACKNOWLEDGE THE SERIOUSNESS OF THE INCIDENT AND THE CHARGES IN A CORRECTIONS SETTING.
A. THE MERIT SYSTEM BOARD ACTED ARBITRARILY, CAPRICIOUSLY AND UNREASONABLY BECAUSE IT FAILED TO CONSIDER THE SERIOUSNESS OF THE INCIDENT PROVEN BY THE UNDISPUTED EVIDENCE.
B. THE MERIT SYSTEM BOARD ACTED ARBITRARILY, CAPRICIOUSLY AND UNREASONABLY BECAUSE IT FAILED TO CONSIDER THE SERIOUSNESS OF THE CHARGES SUPPORTED BY THE UNDISPUTED EVIDENCE.
C. THE MERIT SYSTEM BOARD'S DECISION TO REINSTATE HILL WITH NO ASSESSMENT OF PENALTY IS UNSUPPORTED BY THE SUBSTANTIAL CREDIBLE EVIDENCE.
II THE MERIT SYSTEM BOARD COMMITTED CLEAR MATERIAL ERROR IN FAILING TO APPLY THE PRESCRIBED LEGAL STANDARD.
Hill's first response to this appeal is that it "must be dismissed as untimely." As the contentions by the DOC make clear, the entire appeal is from the decision of the Board rendered on September 19, 1988. This appeal was not filed until May 16, 1989. That means the appeal was filed 238 days after the Board's final decision. R. 2:4-1(b) requires the appeal to be filed within 45 days of September 19, 1988. R. 2:4-4(a) permits one thirty-day extension for filing an appeal. That 30-day extension cannot be enlarged. See R. 1:3-4(b); Cabrera v. Tronolone, 205 N.J. Super. 268, 271, 500 A.2d 755 (App.Div. *371 1985), certif. den. 103 N.J. 493, 511 A.2d 666 (1986). When both rules are read together, the outer limit for filing the appeal was 75 days.
We reject the DOC's contention that because N.J.A.C. 4A:2-1.6 does not prescribe a time limit in which to seek reconsideration, it permits the filing of a motion for reconsideration of the final administrative decision 94 days after the final decision. It is true that N.J.A.C. 4A:2-1.6 contains no time limit for filing a reconsideration motion similar to the nonenlargeable 10-day limitation fixed in R. 1.7-4 and R. 4:49-2 respecting final orders and judgments. It is equally true that we need not decide in this appeal whether the 10-day limitation of R. 1:7-4 and R. 4:49-2 should be engrafted onto N.J.A.C. 4A:2-1.6. But the failure to specify in N.J.A.C. 4A:2-1.6 when a motion to reconsider an administrative decision must be filed cannot be interpreted to mean that the motion may be filed at any time. The time for filing a reconsideration motion is integrally related to R. 2:4-3(b) which provides for tolling the time to appeal pending disposition of the reconsideration motion by the administrative agency. Unless the reconsideration motion is filed before the time to appeal has expired, there is no time left to be tolled pursuant to R. 2:4-3(b).
Here, the time to appeal had already expired when the reconsideration motion was filed. A reconsideration motion cannot resurrect an appeal that is already time-barred. Nor can N.J.A.C. 4A:2-1.6 be used to extend the time to appeal, as was attempted in this case, except as provided in R. 2:4-3(b). To hold otherwise would mean a final decision will not achieve finality; that would be contrary to existing law. "[I]t is a well established principle in this State that when the time for taking an appeal has run the parties to the judgment have a vested right therein which cannot subsequently be taken from them.... [I]t is of the utmost importance that at some point judgments become final and litigations come to an end." In re Pfizer, 6 N.J. 233, 239, 78 A.2d 80 (1951).
*372 We conclude that the appeal was not perfected within the period provided by R. 2:4-1(b) and R. 2:4-4(a). Where the appeal is untimely, the Appellate Division has no jurisdiction to decide the merits of the appeal. Alberti v. Civil Service Comm'n., 41 N.J. 147, 154, 195 A.2d 297 (1963); see also Calcaterra v. Calcaterra, 206 N.J. Super. 398, 402-403, 502 A.2d 1180 (App.Div. 1986). The appeal is therefore dismissed as untimely.