766 A.2d 818

STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF CONSUMER AFFAIRS, PETITIONER–RESPONDENT, v. CONTEMPORARY COMMUNITIES T/A HORIZON HOMES AND JAMES R. MEADE, RESPONDENTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 31, 2001—Decided February 16, 2001.

Before Judges KING, COBURN and AXELRAD.

*James A. Waldron,* argued the cause for appellant.

*Jeffrey C. Burstein,* Deputy Attorney General, argued the cause for respondent (*John J. Farmer, Jr.,* Attorney General of New Jersey, attorney; *Andrea Silkowitz,* Assistant Attorney General, of counsel; *David M. Puteska,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

Horizon appeals the June 3, 1999 decision of the Division of Consumer Affairs, adopting the initial decision of Administrative Law Judge Masin, finding Horizon liable for violations of the Consumer Fraud Act and ordering payment of civil penalties and restitution to three consumers. Horizon asserts a number of grounds on appeal. We need not, however, address the substantive grounds of Horizon's argument, as the procedural ground raised by the State requires that the appeal be dismissed due to its untimely filing.

*R.* 2:4–1(b) provides that "[a]ppeals from final decisions or actions of state administrative agencies or officers ... shall be taken within 45 days from the date of service of the decision or notice of the action taken." "[I]n order to constitute the requisite finality for triggering the 45–day period, the 'agency decision should contain adequate factual and legal conclusions. The decision also should give unmistakable notice of its finality.'" Pressler, *Current N.J. Court Rules,* comment on *R.* 2:4–1(b) (2001) (quoting *In re CAFRA Permit No. 87–0959–5,* 152 *N.J.* 287, 299, 704 *A.*2d 1261 (1997)).

In the instant case, Administrative Law Judge Masin rendered an initial decision on June 3, 1999, requiring Horizon to pay restitution and civil penalties. On June 9, 1999 Mark Herr, Director of the Division of Consumer Affairs, received the initial decision. Pursuant to *N.J.A.C.* 1:1–18.6, the initial decision became a final decision on July 24, 1999, forty-five days later. Herr notified counsel for both parties of this Final Decision on August

2, 1999, attaching a copy of the agency's Final Decision to his letter.

ALJ Masin's decision satisfied the test for finality as described in *CAFRA, supra.* ALJ Masin considered "the nature of the charges, the statutory provisions, the burden of proof, and the standard established in *Brill.*" He clearly established his findings, stating, "I conclude that the respondents thereby violated the Consumer Fraud Act." ALJ Masin specifically ordered Horizon pay penalties and comply with his decision, never conditioning such compliance on any future event. Because ALJ Masin's decision, adopted by the Division of Consumer Affairs as a Final Decision, qualifies as a final decision under *R.* 2:4–1(b), it is from August 2, 1999 that Horizon's forty-five days within which to appeal began to run. Any appeal should have been filed by September 16, 1999. Horizon did not file its appeal until November 18, 1999, 108 days after Horizon received the agency's Final Decision.

Pursuant to *N.J.S.A.* 56:8–17 of the Consumer Fraud Act, the State sent counsel for Horizon another copy of the agency's Final Decision and thereafter docketed a certificate of debt (COD) on August 25, 1999. In its brief, Horizon contends that it did not receive the COD until October 5, 1999, and attaches a mailing label evidencing an October 4, 1999 date of shipment of the COD from the State. Horizon submits that the forty-five days during which they could appeal did not begin to run until October 5, 1999, and thus that its appeal filed on November 18, 1999 was timely. According to Horizon, the COD, not the agency's Final Decision, represents the final order in the instant case.

In support of this argument, Horizon cites no case law and relies solely on the contention that "the interests of justice and fairness" mandate a finding that the certificate of debt is the final order. Horizon attempts to bolster this argument by reference to *N.J.S.A.* 56:8–17, *Failure to pay penalty or restore money or property; certificate of indebtedness; recording as docketed judgment. N.J.S.A.* 56:8–17, however, only addresses a docketing and collection procedure, never once suggesting that such execution

acts to extend the date from which a final agency decision may be appealed. *See C.J. Kowasaki, Inc. v. State, Div. of Taxation,* 13 *N.J. Tax* 160 (1993). The *Kowasaki* court specifically stated that "the filing of a COD does not extend the time for review," and "[t]he filing of a COD does not relieve" a party of its obligation to file a timely appeal. 13 *N.J. Tax* at 170, 172. Although *Kowasaki* addresses a tax appeal, *N.J.S.A.* 54:49–12, the statutory provision at issue in *Kowasaki,* tracks language similar and sometimes identical to *N.J.S.A.* 56:8–17. Both statutory provisions provide for the same collection procedure by the docketing of a certificate of debt.

Even assuming for the sake of argument that Horizon did not receive the COD until October 5, 1999, filing a certificate of debt in the Superior Court is a method of collecting the debt which has no bearing on the finality of the underlying decision upon which that debt is based. Horizon cannot attempt to "resurrect an appeal that is already time-barred." *In re Hill,* 241 *N.J.Super.* 367, 371, 575 *A.2d* 42 (App.Div.1990). "To hold otherwise would mean a final decision will not achieve finality; that would be contrary to existing law." 241 *N.J.Super.* at 371, 575 *A.2d* 42.

Horizon's appeal is dismissed for untimely filing.