**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3194-17T1

IN THE MATTER OF
KEVIN NEWSOM, NEW
JERSEY STATE PRISON.

_____

Argued May 1, 2019 – Decided July 30, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-2238.

Donald C. Barbati argued the cause for appellant Kevin Newsom (Crivelli & Barbati LLC, attorneys; Frank Michael Crivelli and Donald C. Barbati, on the brief).

Steven Michael Gleeson, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Steven Michael Gleeson, on the brief).

PER CURIAM

Appellant Kevin Newsom forwarded an order to show cause to the Civil Service Commission (Commission) seeking to reopen an administrative law

judge's (ALJ) recommended decision to remove him from his position as a corrections sergeant with the New Jersey State Prison for striking a handcuffed, leg-shackled and restrained inmate in the face with an extended baton,[1] – a decision deemed adopted by the Commission, N.J.S.A. 40A:14-204. Appellant urged the Commission to vacate his removal and summarily reverse the adopted decision and reinstate him or, alternatively, remand the matter for a new hearing because he received exculpatory information subsequent to his receipt of the Commission's decision.

He appeals from the final agency decision from a Commission director who determined appellant's "request to be an untimely petition for reconsideration, and given [appellant's] lack of pursuit of administrative remedies, there is not a basis to reopen the final administrative decision in this matter. Accordingly, no further action will be taken, and . . . the matter [was] closed." Recognizing our limited scope of review, we determine the Commission's decision to reject appellant's order to show cause on procedural

---

[1] The ALJ concluded appellant violated N.J.A.C. 4A:2-2.3(a)(6), conduct unbecoming a public employee, and N.J.A.C. 4A:2-2.3(a)(12), other sufficient cause. N.J.A.C. 4A:2-2.3(a)(12) was formerly codified as N.J.A.C. 4A:2-2.3(a)(11). 43 N.J.R. 2691(a) (Nov. 7, 2011); 44 N.J.R. 576(a) (Mar. 5, 2012).

grounds without consideration of the merits was clearly arbitrary, capricious and unreasonable, In re Herrmann, 192 N.J. 19, 27 (2007), and reverse.

In making this determination, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 28 (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)).]

We recognize the Commission's interpretation of statutes it is charged with enforcing is entitled to our deference but we are not bound by its interpretation of any strictly legal issue. Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 170-71 (App. Div. 2018). "When an agency's decision is manifestly mistaken . . . the interests of justice authorize a reviewing court to shed its traditional deference to agency decisions." P.F. v. N.J. Div. of Developmental Disabilities, 139 N.J. 522, 530 (1995).

The Commission based its rejection of appellant's order to show cause on N.J.A.C. 4A:2-1.6 which in pertinent part provides:

3

> (a)  Within 45 days of receipt of a decision, a party to the appeal may petition the . . . Commission for reconsideration.
>
> (b)  A petition for reconsideration shall be in writing signed by the petitioner or his or her representative and must show the following:
>
> 1.  The new evidence or additional information not presented at the original proceeding, which would change the outcome and the reasons that such evidence was not presented at the original proceeding; or
>
> 2.  That a clear material error has occurred.

The Commission argues the order to show cause did not meet the regulation's filing requirements.

By filing the order to show cause, appellant did not seek reconsideration of the prior decision.  He sought to reopen the hearing to allow consideration of evidence he contends was previously unavailable.  Thus the regulation is inapplicable.  The new evidence not presented at the original proceeding was a fifteen-minute-long videotaped statement by the injured inmate who was interviewed by New Jersey Department of Corrections (DOC) investigators two days after he was assaulted.  Appellant alleges only a portion of the videotape – approximately ninety seconds long – was supplied to appellant prior to the administrative disciplinary hearing and that the portion supplied did not contain any exculpatory evidence.  In the video, the inmate claimed a large, white officer

A-3194-17T1

with a bald head struck him with a baton. In that appellant is African-American, that evidence is ostensibly exculpatory and, in fairness, the Commission should have considered appellant's application to reopen the case. Its decision to deny the order to show cause on procedural grounds related to the inapposite regulation presents one of those "rare circumstances in which an agency action is clearly inconsistent with its statutory mission or other state policy" requiring our intervention. In re Musick, 143 N.J. 206, 216-17 (1996).

Our Supreme Court discerned "[t]he Legislature's intent not to impose the procedural requirements of courts of law on hearings before administrative agencies is evidenced in N.J.S.A. 52:14B-10, which provides for the liberal admission of evidence in a contested case." In re Kallen, 92 N.J. 14, 25 (1983). N.J.S.A. 52:14B-10(a)(1) provides in part: "Any party in a contested case may present his case or defense by oral and documentary evidence, submit rebuttal evidence and conduct such cross-examination as may be required, in the discretion of the administrative law judge, for a full and true disclosure of the facts." ALJs are less restricted than courts in the conduct of administrative hearings but are, nonetheless, compelled to observe "principles of basic fairness." Kallen, 92 N.J. at 25 (quoting Kelly v. Sterr, 62 N.J. 105, 107 (1973)). Those fairness principles and the stated legislative mandate that "[a]ll relevant

5

evidence is admissible, except as otherwise provided" by statute in an effort to educe a "full and true disclosure of the facts," N.J.S.A. 52:14B-10(a)(1), undergird our conclusion that the Commission abused its discretion when it dismissed appellant's request to reopen the case to allow consideration of the video.

After the inmate became involved in an altercation, a number of corrections officers responded and were involved in restraining the inmate. The video proof, "[a] new development or new evidence relating to established facts or a material misapprehension concerning an essential matter which is critical to an agency determination[,] can constitute a reasonable basis for reconsideration by the agency," as can "matters not previously considered." In re Parole Application of Trantino, 89 N.J. 347, 365 (1982). The Court in Trantino stated, "Considerations of individual fairness, repose and party reliance are relevant in terms of whether an agency proceeding should be reopened." Ibid.

We acknowledge, "[i]n the absence of some legislative restriction, administrative agencies have the inherent power to reopen or to modify and to rehear orders that have been entered." Burlington Cty. Evergreen Park Mental Hosp. v. Cooper, 56 N.J. 579, 600 (1970). That power "may be invoked by

administrative agencies to serve the ends of essential justice and the policy of the law." Handlon v. Town of Belleville, 4 N.J. 99, 106-07 (1950). We conclude appellant deserves an opportunity for the Commission to decide whether to exercise that inherent power in light of the legislative goal of a "full and true disclosure of the facts." N.J.S.A. 52:14B-10(a)(1).

We are mindful of the need for finality of administrative decisions. In re Hill, 241 N.J. Super. 367, 371 (App. Div. 1990). But the Commission's decision to reject on procedural grounds appellant's application to reopen the case in order to present the video he claims was not heretofore available to him "is clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction." Campbell v. N.J. Racing Comm'n, 169 N.J. 579, 587-88 (2001) (quoting Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988)). We, therefore, reverse the Commission's decision and remand this matter for the Commission to consider appellant's application to reopen the hearing. We express no opinion on the merits of the application.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3194-17T1