# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0818-21

IN THE MATTER OF THE
ADOPTION OF A CHILD BY
AISHA MARGARET SMITH.

_____

Submitted August 16, 2022 – Decided September 6, 2022

Before Judges Accurso and Natali.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Essex County,
Docket No. FA-000036-22.

Wesley-Keith Mullings, appellant pro se.

Respondent Aisha Margaret Smith has not filed a
brief.

PER CURIAM

In this one-sided appeal, Wesley-Keith Mullings appeals from a

November 4, 2021 order of the Family Part in Essex County denying his

motion to "vacate and expunge" the adoption of his now-eighteen-year-old son

by his ex-wife, Aisha Margaret Smith. Mullings styles himself as the

managing trustee of the Wesley Keith Mullings Trust and refers to his son as

trust "property," which he claims "preclud[es] any third parties from intervening or intermeddling in the affairs of a trust." He also claims to be the "named executor of [his son's] estate, making him immune to statutory law when operating within the interest of the estate."

Although the record is jumbled and many of the documents in the appendix are either incomplete or incomprehensible, it appears as if Ms. Smith married Mr. Mullings in 2015 and adopted his son, albeit shortly before their marriage, sometime after the death of the boy's mother. Smith filed for divorce in Union County in 2018, and she was awarded temporary custody of the boy in May of that year while Mullings was incarcerated in New York, apparently for failure to pay child support owed to the mother of another of his sons. Smith and Mullings were divorced in August 2018.

Mullings has provided us a transcript of a January 2019 hearing on his post-judgment application in the divorce action to have residential custody of his son returned to him. That transcript reflects Mullings presenting his position that he was not subject to the court's jurisdiction or the State's laws governing the care and custody of children. The judge explained to Mullings how his position was at odds with his request that the court award him custody of his son. Mullings, nevertheless, refused to comply with the court's order to

2

produce the boy for an in camera interview[1] to allow the judge to resolve the custody dispute Mullings had brought to the court, resulting in his arrest on contempt charges and temporary sole legal and physical custody in Smith.[2]

Mullings appears to have subsequently changed tack, focusing instead on "expunge[ing]" the adoption order and thereby undermining any claim Smith would have to custody of his son. Two months after the hearing resulting in his arrest, Mullings filed an order to show cause in the closed adoption case in Essex County to vacate the adoption. Judge David B. Katz denied the application in July 2019. In a cogent and comprehensive opinion from the bench, the judge explained Mullings had presented no basis to vacate the judgment of adoption under Rule 4:50-1, even assuming the application could be considered timely under Rule 4:50-2. The judge explained the parties were embroiled in a custody dispute the Union County court was prepared to resolve, which Mullings could not circumvent by attempting to reopen the

---

[1] The boy was then in Mullings' physical custody, according to Smith and her counsel, because he appeared at her home on his release from jail and removed the boy in violation of the 2018 temporary custody order while she was at work.

[2] Mullings appealed that order in August 2020, as well as four others issued in the Union County post-judgment proceedings between January and April 2019. We dismissed his appeal as out-of-time on Smith's motion. Mullings v. Mullings, A-4252-19 (App. Div. Oct. 8, 2020).

A-0818-21

Essex County adoption without any legal basis. Judge Katz explained the law viewed Smith as much the child's mother as it viewed Mullings his father, and thus the parties would have to return to Union County to resolve their differences.

In December 2019, Mullings moved again to "vacate and expunge" the adoption and to unseal the adoption records, claiming he never consented to the boy's adoption by Smith.[3] That motion was denied following oral argument in May 2020. In denying Mullings' renewed attack on the adoption judgment in his November 4, 2021 order, Judge Katz cited both his earlier July 2019 order and the May 2020 order, noting the new application sought exactly the same relief, although "[n]o new or additional grounds have been presented" to "warrant the court to unseal and/or vacate the adoption."

---

[3] The record in A-4252-19 contains an "Affidavit of Truth, Notice of Status, and Claim of Property" in which Mullings avers that Smith "legally adopted" his son "only by [his] consent and permission," which "[c]onsent may be lawfully withdrawn by the grantor at any time and for any reason." In that document, Mullings stated he had claimed his son as his "chattel property" in a "UCC contract" with the State of New York, giving him "supreme, perfected, and unchallenged claim to his offspring and their personal and corporate effects in total," and "demand[ed] his property and all of his property's personal effects be returned to his permanent custody immediately with prejudice."

This history makes obvious this appeal should be dismissed, which we could do on our own motion. A litigant is not free to re-file the same application the trial court has already denied in the hope of resuscitating a right of appeal. Cf. In re Hill, 241 N.J. Super. 367, 371 (App. Div. 1990) (noting "[a] reconsideration motion cannot resurrect an appeal that is already time-barred"). The trial court denied Mullings' applications to unseal and vacate the 2015 adoption in July 2019 and May 2020. The time to appeal those orders has long since passed. See R. 2:4-1(a) (requiring appeals from final orders of the trial court to be filed within forty-five days). Defendant cannot circumvent his failure to timely appeal those orders by this appeal.

But having reviewed the record, we are also satisfied that Judge Katz and the other judges who have denied Mullings' several applications to unseal and vacate the 2015 judgment of adoption were correct that Mullings has put forth no legitimate basis for that relief. In addition, Mullings has presented us no basis on which the trial court could have reopened the adoption judgment from 2015 under Rule 4:50-1. Mullings' arguments to the contrary based on his "sovereign" status are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Accordingly, we affirm the court's

November 4, 2021 order again denying the unsealing and vacating of the 2015 adoption judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0818-21