**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4563-19

INDEPENDENT INVESTORS,

    Plaintiff-Respondent,

v.

SEAN R. GOLEMAN,
Individually and as
Administrator of the
Estate of Jesse J. Goleman,
Deceased, MEGAN GOLEMAN,
spouse of Sean R. Goleman,
ANDY GOLEMAN, MRS.
ANDY GOLEMAN, spouse of
Andy Goleman, STATE OF NEW
JERSEY, KEVIN REVOIR,
CHRISTINA REVOIR, GEORGE
M. YATES,

    Defendants.

_____

BOROUGH OF AUDUBON,

    Appellant.

_____

Argued August 17, 2022 – Decided  September 8, 2022

Before Judges Messano, Natali and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-019973-16.

Salvatore J. Siciliano argued the cause for appellant (Siciliano & Associates, LLC, attorneys; Salvatore J. Siciliano, of counsel and on the brief; Jennifer McPeak, on the brief).

Adam D. Greenberg argued the cause for respondent (Honig & Greenberg, LLC, attorneys; Adam D. Greenberg, of counsel and on the brief).

PER CURIAM

In 2008, Jesse J. Goleman bought a parcel of land (the Property) in the Borough of Audubon (the Borough). For many years, a gasoline service station had operated on the Property, but Goleman decided to use the premises to service automobiles without pumping gas. In 2011, the Borough issued Goleman a permit to remove an underground fuel storage tank. Goleman died on January 24, 2013, and his son, Sean, was appointed administrator of the estate (the Estate).

The Borough filed liens on the Property for unpaid taxes. On October 3, 2013, at a public auction, plaintiff, Independent Investors, purchased tax sale certificates for tax years 2013 and 2014. In August 2015, the Borough sent a "Notice of Imminent Hazard" to the Estate concerning a building on the

Property, and it subsequently hired a contractor to demolish the building. The Borough placed another lien on the Property for the costs of demolition.

In July 2016, plaintiff filed a foreclosure complaint against the Estate. Plaintiff also filed suit against the Borough one month later, claiming it was entitled to notice of the demolition and subsequent lien because it held the tax sale certificates. Plaintiff sued to vacate the demolition lien. The suit was resolved — plaintiff dismissed its complaint, and the Borough discharged its demolition lien.[1] Meanwhile, plaintiff obtained an uncontested final judgment of foreclosure by default in April 2018, vesting plaintiff with legal title to the Property.

In February 2019, without notice to the Borough, plaintiff moved to vacate the default foreclosure judgment. In support, one of plaintiff's partners, Ethel Roerdomp, certified the Borough's environmental consultant and an unnamed employee of the Borough misrepresented the environmental condition of the Property prior to plaintiff's filing of its foreclosure action. Roerdomp claimed the consultant said his company removed underground tanks, tested the soil on the Property, and "there was no contamination and no further action required."

---

[1] We were advised at oral argument that as part of the settlement, the Borough reformed a 2016 tax sale certificate to include some of the demolition costs.

A-4563-19

Roerdomp said this "information was false," and if plaintiff "had received truthful information, [it] would not have proceeded to final judgment."

On March 15, 2019, the judge granted plaintiff's unopposed motion, vacated the default foreclosure judgment, reverted title to the Property to the Estate, and dismissed plaintiff's foreclosure complaint. Nearly one year later, in February 2020, the Borough filed a motion to intervene in the foreclosure suit; plaintiff filed opposition.

The Borough argue: (1) it did not discover plaintiff had successfully vacated the default judgment until August 2019; (2) plaintiff's claims of misrepresentation by a municipal employee lacked any support; and (3) plaintiff was on constructive notice of environmental conditions on the property because Goleman's applications, including one which sought removal of the underground storage tank, were public records. The Borough also contended that reversion of title to the Estate resulted in revenue loss to the Borough; therefore, intervention was appropriate given the Borough's strong interest in the foreclosure litigation.

Plaintiff contended the motion was untimely because the Borough knew the foreclosure action was pending and could have intervened at that time but chose not to do so. Further, plaintiff argued that it stopped paying property taxes

4

in 2015, resulting in the Borough issuing another tax sale certificate, which the Borough itself purchased in December 2016. Plaintiff contended the Borough suffered no adverse consequence from vacation of the foreclosure judgment since the Borough's lien had priority over all other liens. Lastly, plaintiff argued the Borough should not be permitted to intervene, because it was not a necessary party in the foreclosure action. Plaintiff argued only parties who have a right to redeem are proper parties to a tax foreclosure complaint, and the Borough could not have redeemed the Property following plaintiff's successful foreclosure.

In an oral decision following arguments, the Chancery judge reasoned, "[T]here's nothing to intervene . . . this case doesn't exist anymore. . . . [T]here's no lawsuit between the plaintiff and [the Borough] . . . making any allegations about misrepresentation . . . that had to do with the tank." The judge's May 8, 2020 order noted the foreclosure litigation "is hereby **DISMISSED**," and, "[a]s a result of the dismissal," the judge denied the Borough's motion to intervene.

The Borough moved for reconsideration, which the judge denied in a July 24, 2020 order. Essentially, without reexamining the merits of plaintiff's earlier motion to vacate, the judge reasoned, "I vacate[d] the final judgment. . . . [O]nce it's vacated, we don't have a lawsuit anymore. There's no more foreclosure

because the final judgment in that action is vacated. So, there's nothing to intervene in."

The Borough appeals. It argues that intervention was appropriate since the Borough was an "interested party" in the foreclosure suit because plaintiff alleged misrepresentation by a Borough employee in seeking to vacate the judgment. Plaintiff counters by arguing the appeal is untimely, the Borough's motions were unsupported by any factual evidence, and the Borough is not an "interested party" entitled to intervene because it was unaffected by plaintiff's successful motion to vacate the foreclosure judgment.

We disagree with plaintiff's rationale and conclude the Borough was entitled to intervene, even after the judge vacated the foreclosure judgment. Therefore, we reverse. In doing so, we do not reach the merits of the Borough's opposition to the motion to vacate, but rather remand the matter for the court to reconsider anew plaintiff's motion to vacate the foreclosure judgment.

We initially reject plaintiff's contention that the Borough's appeal of the May 8, 2020 order is untimely. "An appeal from a final judgment must be filed with the Appellate Division within forty-five days of its entry . . . and served upon all other parties . . . ." Lombardi v. Masso, 207 N.J. 517, 540 (2011) (citing R. 2:4-1 and R. 2:5-1(a)). "A timely filed motion for reconsideration tolls the

6

time for filing an appeal." Eastampton Ctr, LLC v. Plan. Bd. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002) (citing R. 2:4-3(a)).

Additionally, Rule 2:4-4(a) permits a maximum thirty-day extension of time for good cause, but only if the appellant actually files the notice of appeal "within the time as extended." Lombardi, 207 N.J. at 540–41 (citing R. 2:4-4). "Where the appeal is untimely, [we lack] jurisdiction to decide the merits of the appeal." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97 n.4 (App. Div. 2014) (quoting In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)).

The Borough filed a timely motion for reconsideration with the Chancery judge twenty days after the May 8, 2020 order. The Borough still had twenty-five days after entry of the July 24, 2020 order denying the motion for reconsideration, or, until August 18, 2020, to file its appeal within the forty-five days required by Rule 2:4-1(a). The Borough's notice of appeal was filed on August 24, 2020, after the forty-five-day limit, but within the thirty-day extension period permitted by Rule 2:4-4(a). Although the Borough did not move for an extension as required by that Rule, we would have found good cause had such a motion been made. As a result, we treat the notice of appeal as if it was a timely motion for an extension, see, e.g., Seltzer v. Isaacson, 147 N.J.

Super. 308, 311–12 (App. Div. 1977), and conclude the Borough's notice of appeal was filed within time.

To satisfy intervention as of right, Rule 4:33-1 requires a moving party:

> (1) claim "an interest relating to the property or transaction which is the subject of the transaction," (2) show [that the movant] is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," (3) demonstrate that the "[movant's] interest" is not "adequately represented by existing parties," and (4) make a "timely" application to intervene.
>
> [N.J. Dep't of Env't Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 286 (App. Div. 2018) (alterations in the original) (quoting Am. C.L. Union of N.J., Inc. v. Cnty. of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002)).]

The rule is not discretionary. Meehan v. K.D. Partners, LP, 317 N.J. Super. 563, 568 (App. Div. 1998).

Contrary to the motion judge's reasoning, "[g]enerally, intervention after judgment is allowed if necessary 'to preserve some right which cannot otherwise be protected.'" Warner Co. v. Sutton, 270 N.J. Super. 658, 662 (App. Div. 1994) (quoting Chesterbrooke Ltd. P'ship v. Plan. Bd. of Chester, 237 N.J. Super. 118, 123 (App. Div. 1989)). We have even "recognized the appropriateness of granting a party affected by a judgment leave to intervene to pursue an appeal if a party with a similar interest who actively litigated the case in the trial court

A-4563-19

has elected not to appeal." CFG Health Sys., LLC v. Cnty. of Essex, 411 N.J. Super. 378, 385 (App. Div. 2010) (emphasis added).

In this case, contrary to plaintiff's contentions, the Borough was an interested party in the foreclosure litigation. Although plaintiff was not required under the applicable statutes to name the Borough as a party in its foreclosure complaint, it was required to serve a copy of its complaint on the municipal tax collector. N.J.S.A. 54:5-104.41; see also N.J.S.A. 54:5-98 (providing for redemption to "be made to the tax collector . . . at his [or her] official office"). The Borough had no reason to intervene in the foreclosure litigation while it was pending because plaintiff's successful foreclosure coincided with the Borough's aspirations that the Property would now be owned by a taxpaying entity that might further develop the Property to its highest and best use.

Additionally, reversion of title to properties already foreclosed upon imposes obligations upon the Borough which further support the conclusion that it was entitled to notice of plaintiff's motion to vacate the foreclosure judgment. The Borough's Code of Ordinances required the identification of abandoned properties. For example, Code of Ordinances, Audubon, N.J., Code § 105-111(a) provides:

> The public officer . . . designated by the mayor is
> hereby directed to identify abandoned properties within

the borough, place said properties on an abandoned property list established as provided in N.J.S.A. 55:19-55, and provide such notices and carry out such other tasks as are required to effectuate an abandoned property list as provided by law.

A property may be deemed abandoned when "[a]t least one installment of property tax remains unpaid and delinquent . . . ." N.J.S.A. 55:19-81(c).

There is a critical connection between tax-delinquent-abandoned properties and an owner of a tax sales certificate on such property. Under N.J.S.A. 55:19-83(a), a property will not be placed on the abandoned properties list if the owner of a tax sale certificate for such a property paid the real estate taxes when due, "takes action to initiate foreclosure proceedings" in a timely fashion and "diligently pursues foreclosure proceedings in a timely fashion thereafter." In short, the Borough's interests in plaintiff's application to vacate the foreclosure judgment were obvious.

Equally apparent is the Borough's inability to ameliorate the harm it suffered from the vacatur of plaintiff's foreclosure judgment by foreclosing on the 2016 tax sale certificate it now owns. Simply put, the Borough did not own the Property after plaintiff successfully foreclosed nor does it wish to own the Property now.

10

Nor do we think the Borough's motion to intervene was untimely. Undisputedly, plaintiff never served the Borough with its notice to vacate the foreclosure judgment. Also undisputed, at least on this record, is that the Borough did not find out about reversion of title to the Property to the Estate as a result of plaintiff's motion until August. The Borough moved to intervene in February. Given time strictures routine to the initiation of official government litigation, the motion to intervene was timely filed. Exxon Mobil Corp., 453 N.J. Super. at 286.

In sum, we reverse the order denying the Borough's intervention and reconsideration motions and remand the matter to the Chancery judge, who shall, upon notice to all interested parties, reconsider anew plaintiff's motion to vacate the foreclosure judgment with due consideration to the Borough's opposition. We leave the conduct of the proceedings to the judge's sound discretion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11