**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0969-23

ROSALINE BIH BUH,

    Plaintiff-Appellant,

v.

GABRIEL BUH KANG,

    Defendant-Respondent.

_____

Submitted February 5, 2025 – Decided April 25, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1596-21.

Ratliff Jackson, LLP, attorneys for appellant (Samuel D. Jackson, on the briefs).

Gabriel Buh Kang, respondent pro se.

PER CURIAM

    Plaintiff Rosaline Bih Buh appeals from the October 18, 2023 Family Part order denying reconsideration of the July 13, 2023 Final Judgment of Divorce

(FJOD). Specifically, plaintiff challenges the FJOD provision denying her request to equitably distribute the marital home. We affirm.

The parties were married for twenty-seven years and had four children, one of them a minor, when plaintiff filed a complaint for divorce on December 9, 2020. Plaintiff's counseled complaint sought a divorce based on irreconcilable differences, equitable distribution of assets, alimony, custody of the parties' minor child, counsel fees and costs.

Defendant, who was living in Africa at the time, filed a counseled answer and counterclaim for divorce. Defendant's counterclaim sought a divorce based on irreconcilable differences, equitable distribution of assets and debts, joint legal and physical custody of the minor child, child support, removal of the child to Africa, counsel fees and costs.

Plaintiff's July 16, 2021 Family Part Case Information Statement (CIS) indicated she resided in a house in East Orange with the parties' four children. Part E, entitled "Balance Sheet of All Family Assets and Liabilities" contained partial information about the residence. The "Description – Real Property" was left blank, the "Title To Property" noted "D" for defendant, the date of purchase noted "1/2112003" [sic], the value of the asset was "unknown," and the date of evaluation was left blank. The "Statement of Liabilities" section also contained

2

partial information. The "Description – Real Estate Mortgages" was left blank, the "Name of Responsible Party" noted "D" for defendant, the section entitled "If you contend liability should not be shared, state reason" noted "DEFENDANT IS SOLE OWNER," the monthly payment and total owed were both "unknown," and the date was left blank. Part D, entitled "Monthly Expenses" noted "unknown" for homeowner mortgage.

Defendant's January 31, 2021 CIS noted the East Orange residence as his address, with plaintiff and their four children. In Part E, defendant provided complete information about the residence, including the street address, defendant as holder of title, date of purchase, value and date of evaluation. Defendant's "Statement of Liabilities" section also provided complete information, including the address, defendant as responsible for the mortgage, the monthly mortgage payment, total owed and date of the balance. Part D also listed the monthly payment amounts for the mortgage, second mortgage and water and sewer.

The matter proceeded to trial on July 11, 2023, at which plaintiff was represented by counsel and defendant did not appear. Plaintiff's counsel stated she included a current CIS with her pretrial brief and a CIS was entered into evidence, but it is not contained in the record before us.

A-0969-23

In addition to other relief, plaintiff sought equitable distribution of the East Orange residence with sale proceeds to her, but did not present any documentation of home ownership. She testified she lived in the home since it was purchased on June 23, 2013 and defendant paid the mortgage, property taxes and utilities. When the judge asked for evidence whether the home was purchased or rented, counsel responded she was unsure whether she had a copy of the mortgage with her. The court also asked whether plaintiff had conducted a title search in preparation for trial, to which she and her counsel responded they had not.

After the judge explained she could only consider the issue based on the proofs provided, plaintiff identified an appraisal and testified to its $370,000 valuation of the home. She also explained defendant paid for the appraisal and the appraiser emailed her the valuation. At the close of testimony, plaintiff's counsel did not seek a continuance or additional time to produce documentation of home ownership.

The resulting July 13, 2023 FJOD denied plaintiff any proceeds of the marital home. The annexed letter opinion outlined the statutes and case law governing equitable distribution. It noted the marital home as an asset, with an

A-0969-23

approximate value of $370,000 pursuant to the appraisal, and "[u]nknown/no evidence provided" for the mortgage liability.

In considering equitable distribution, the court found:

> As to the [m]arital home . . . , with an approximate value of $370,000, [plaintiff] was unable to produce any evidence to reflect ownership of the home or the net equity, if any. No deed or mortgage was entered into evidence and there is no proof that the house is owned instead of rented or whether there is any net equity in the home. Plaintiff testified that she has never made any payments toward the home or its maintenance. Even after defendant moved to Africa, he continued to make all payments. Plaintiff requested that the marital home be sold and receipt of 100% of the net proceeds. Of great significance, plaintiff does not even list the marital home on her [CIS]. Due to plaintiff's failure to prove any beneficial interest in the home, this court cannot grant any net proceeds of the marital home to plaintiff. However, as defendant alleges in prior pleadings that his home residence is the address of the marital home and he receives a rent subsidy, defendant should remain responsible for all payments regarding the marital home, whether owned or rented.

On August 3, 2023, twenty-one days after service of the FJOD and thus, one day late, plaintiff moved for reconsideration of the distribution of the home. She attached a copy of the mortgage and deed and a revised CIS "to prove [her] ownership in the marital home." The August 3, 2023 CIS listed the property's address with joint title, a purchase or acquisition date of June 21, 2013, and a

5

A-0969-23

value of $370,000 as of March 8, 2023.  The responsibility for the mortgage was listed as joint.  In her motion, plaintiff sought fifty percent of the proceeds of the sale of the home, and explained that if the home were sold, she and her son would have nowhere to live and no means to find housing.

At oral argument, plaintiff's counsel was unsure of the basis on which she moved for reconsideration but accepted the trial court's suggestion it appeared to be Rule 4:49-2, under which the motion was time barred.  Nevertheless, the court permitted counsel to argue the merits of the motion, during which counsel conceded she "did not intend to indicate [the court] acted arbitrarily or unreasonably" and "did not raise any new issues," but "just wanted [the court] to reconsider three items that weren't in the [FJOD]."

The court's October 18, 2023 order denied the motion for reconsideration because it was untimely and the twenty-day time limitation could not be relaxed per Rule 1:3-4(c) and Baumann v. Marinaro, 95 N.J. 380, 388 (1984).  The court also explained the documents attached to the motion were not "differentiated from the text of a certification or affidavit by the use of label dividers before each exhibit or some other means" in contravention of Rule 5:5-4(g).

Notwithstanding the time bar, the court considered the merits of the motion, noting plaintiff was represented by counsel at trial who "had adequate

opportunity to obtain through discovery and due diligence the information needed to prove her ownership in the home" and could not meet the standard for reconsideration because she provided "no sound legal basis on which she was entitled to relief." The court further found plaintiff's attempt to expand the record with additional documentation was improper.

Plaintiff, represented by new counsel on appeal, argues the trial court erred by: failing to properly apply equitable principles; failing to acknowledge plaintiff's non-financial contribution and resulting beneficial interest in the marital home; basing its decision on narrow portions of the parties' CIS; failing to consider key facts; and improperly assigning plaintiff the burden of proving her beneficial interest in the marital home.

Our review of Family Part orders is narrow. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters," Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413), and will not overturn the Family Part's findings of fact when they are "supported by adequate, substantial, credible evidence," Cesare, 154 N.J. at 412. A reviewing court will also not disturb the Family Part's factual findings and legal conclusions that flow from them unless they are "so manifestly unsupported by

A-0969-23

or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). We review a Family Part's legal determinations de novo. Id. at 565.

We also review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

We begin with the rules governing the timeliness of an appeal of a final judgment. An appeal of a final judgment must be filed within forty-five days of the entry of the final judgment. R. 2:4-1(a). This time period may be extended upon motion only for a period of thirty days upon "a showing of good cause and the absence of prejudice." R. 2:4-4(a). Thus, the maximum period in which to appeal from a final judgment, assuming an extension is granted, is seventy-five days.

8

The time to appeal is tolled by the filing of a motion for reconsideration, but only if the motion is timely made. R. 2:4-3(e). A motion for reconsideration must be served not later than twenty days after service of the judgment or order being reconsidered. R. 4:49-2. The time period in which to file a motion reconsideration may not be enlarged. R. 1:3-4(c).

Because the FJOD was filed and served on the parties July 13, 2023, plaintiff had until August 2, 2023 to file a motion for reconsideration. She filed the motion on August 3, one day late. Because the motion was not filed within time, the trial court lacked jurisdiction to consider its merits. See Murray v. Comcast Corp., 457 N.J. Super. 464, 471 (App. Div. 2019) (holding the trial court does not have subject matter jurisdiction to consider a motion for reconsideration of a final judgment filed outside the twenty-day period allowed by Rule 4:49-2). We are therefore constrained to affirm the denial of the motion for reconsideration on procedural grounds.

Plaintiff filed her notice of appeal on November 30, 2023, within time as to the October 18, 2023 order on the motion for reconsideration but beyond even the seventy-five-day extended deadline to appeal the July 13, 2023 FJOD. Because we are without discretion to extend this timeframe beyond seventy-five days, we are precluded from reviewing the FJOD. "Where the appeal is

A-0969-23

untimely, the Appellate Division has no jurisdiction to decide the merits of the appeal." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (quoting In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Haxley

Clerk of the Appellate Division

A-0969-23