**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3800-23

WILMINGTON TRUST
NATIONAL ASSOCIATION,
AS SUCCESSOR TRUSTEE
TO CITIBANK, NA, AS
TRUSTEE FOR BNC MORTGAGE
LOAN TRUST SERIES 2007-3,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-3,

     Plaintiff-Respondent,

v.

MARCIA COPELAND, a/k/a
MARCIA A. COPELAND, and
THE MARCIA COPELAND
LIVING TRUST,

     Defendants-Appellants,

and

UNITED STATES OF AMERICA,
ABO & COMPANY LLC, a/k/a
ABO COMPANY LLC, and
STATE OF NEW JERSEY,

     Defendants.

_____

Submitted November 20, 2025 – Decided February 10, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-002338-22.

Marcia Copeland, self-represented appellant.

James C. Carignan and Brett L. Messinger (Duane Morris LLP), attorneys for respondent.

PER CURIAM

Defendant Marcia Copeland appeals from the August 25, 2023 final judgment in favor of plaintiff Wilmington Trust National Association, as Successor Trustee to Citibank, NA, as Trustee for BNC Mortgage Loan Trust Series 2007-3, Mortgage Pass-Through Certificates, Series 2007-3, and the March 1, 2024 order denying defendant's motion to vacate all prior orders and for recusal. For the reasons that follow, we dismiss defendant's appeal as untimely.

I.

In April 2017, defendant borrowed $588,000, secured by a promissory note and non-purchase money mortgage on real property located in East Brunswick. Through two recorded assignments, plaintiff became the holder of the note and mortgage. By a recorded loan modification agreement, plaintiff

2

and defendant modified the terms of the mortgage, including the unpaid principal amount, interest rate, monthly payments, and maturity date.

Defendant defaulted on the loan payments and subsequently failed to cure the default. Plaintiff served defendant with a notice of intention to foreclose (NOI) at the address of the mortgaged property by regular and certified mail, return receipt requested. Defendant made a payment but did not cure the default, then failed to make the next payment.

Plaintiff filed this foreclosure action on March 16, 2022.[1] Defendant filed a contesting answer and purported counterclaim against the loan servicer and the law firm representing plaintiff, both of which were non-parties. Plaintiff moved to dismiss the counterclaims, which defendant did not oppose. On June 24, 2022, the court granted the motion.

While that motion was pending, defendant moved to dismiss the complaint, contending plaintiff lacked standing to bring the action and was not registered with the New Jersey Secretary of State. She further asserted libel,

---

[1] The United States of America, ABO & Company LLC, a/k/a ABO Company LLC, and the State of New Jersey were named as defendants for notice purposes because these entities held judgments and liens against defendant.

3

slander, fraud on the court, theft, and RESPA[2] violations. Plaintiff opposed the motion, and the court denied it on July 8, 2022.

Plaintiff then moved for summary judgment and to strike defendant's answer, which defendant did not oppose. In its June 23, 2023 order granting the motion, the court struck defendant's answer, entered default against her, and returned the matter to the Office of Foreclosure to proceed as an uncontested matter.

Plaintiff moved for entry of a final judgment of foreclosure, which defendant did not oppose. On August 25, 2023, the court entered a final judgment and writ of execution, ordering the property sold at sheriff's sale.

On December 26, 2023, defendant filed a motion to vacate all prior orders and for recusal, which plaintiff opposed. After considering argument, the court denied the motion in a March 1, 2024 order and comprehensive statement of reasons.

On July 29, 2024, defendant filed a notice of appeal from the August 25, 2023 final judgment. After the appeal was dismissed for failure to prosecute, defendant filed motions to vacate the dismissal, reinstate the appeal, and file the notice of appeal as within time. In the absence of opposition, we granted the

---

[2] Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 to 2617.

A-3800-23

motions on October 28, 2024.  Based on that decision, on December 26, 2024, we denied plaintiff's subsequent motion to dismiss the appeal as out of time.  In the interim, on November 21, 2024, defendant filed an amended notice of appeal including the March 1, 2024 order, although she did not seek leave to appeal from that order as within time.

II.

"An appeal from a final judgment must be filed with the Appellate Division within forty-five days of its entry and served upon all other parties." Lombardi v. Masso, 207 N.J. 517, 540 (2011) (citations omitted) (first citing R. 2:4-1; and then citing R. 2:5-1(a)).  Rule 2:4-4(a) permits a maximum thirty-day extension of time, but only if the appellant actually files the notice of appeal "within the time as extended."  Lombardi, 207 N.J. at 540-41.  Where the appeal is untimely, we lack jurisdiction to decide the merits of the appeal.  Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97 n.4 (App. Div. 2014) (citing In re Hill, 241 N.J. Super. 367, 372 (App. Div. 1990)).

There is no question defendant's appeal from both orders was untimely. The first order on appeal was entered on August 25, 2023.  Even if defendant requested a thirty-day extension of time, which she did not, her notice of appeal

was required to be filed by November 8, 2023. She did not file her notice of appeal until July 29, 2024, over eight months out of time.

Defendant's appeal from the March 1, 2024 order was also untimely. Again, even if she requested a thirty-day extension, which she did not, her notice of appeal was required to be filed by May 15, 2024. She did not file the amended notice of appeal listing this order until November 21, 2024, over six months out of time.

Having reviewed the record, we are persuaded our October 28, 2024 order granting defendant's motion to file the notice of appeal as within time was improvidently granted, and our December 26, 2024 order denying plaintiff's motion to dismiss the appeal was improvidently denied. We have no authority to extend the time in which to file a notice of appeal beyond the thirty-day extension period permitted by the rules. R. 2:4-4(a); In re Hill, 241 N.J. Super. at 370-71. We are therefore constrained to dismiss the appeal.

Even if we had jurisdiction to address the substance of defendant's appeal, we are unconvinced it has merit. Defendant reprises the arguments raised in support of her motion to vacate the prior orders: her due process rights were violated; plaintiff failed to prove it was the holder of the note, lacked standing, and committed a fraud upon the court; the court erred in granting summary

judgment to plaintiff and dismissing her counterclaims, which alleged fraud and breach of contract.

"[A]n application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008). A trial court's decision whether to vacate an order or final judgment under Rule 4:50-1 should also be given "substantial deference" and will not be reversed unless shown to be "a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Rule 4:50-1 provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Relief under subsection (f) of the rule is available "only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

To obtain relief from a default judgment under Rule 4:50-1(a), a defendant must demonstrate both excusable neglect and a meritorious defense. Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 285 (App. Div. 2005). "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, 209 N.J. at 468 (quoting Mancini v. Eds ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 335 (1993)). To determine if a defense is meritorious, courts "[m]ust examine defendant's proposed defense." Bank of N.J. v. Pulini, 194 N.J. Super. 163, 166 (App. Div. 1984).

"The essential components of due process are notice and an opportunity to be heard." Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389 (1998). "Thus, a party's due process rights are not violated if it is held liable for a judgment arising out of an action in which it participated or had the opportunity to be heard." Ibid.

A-3800-23

The court found defendant's claims of due process violations were without merit because she was served and had the opportunity to be heard. However, she failed to respond to the motions that resulted in the "justified and inevitable entry of [o]rders granting the relief sought on the motions made by . . . [p]laintiff, on the merits."

Addressing defendant's standing and fraud arguments, the trial court noted, in the post-judgment stage, lack of standing is not a meritorious defense to the foreclosure complaint. See Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). Moreover, in a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the party to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party initiating a foreclosure proceeding "must own or control the underlying debt" obligation at the time an action is initiated to demonstrate standing to foreclose on a mortgage. Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). "[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."

9

Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). The final assignee of a mortgage has standing to foreclose. Mitchell, 422 N.J. Super. at 224-25.

The court found: plaintiff had the note and mortgage in its possession; the mortgage, loan assignment, and loan modification were filed with the county clerk; defendant was served with the NOI; and defendant defaulted in payments and owed plaintiff money. Thus, defendant's challenge to standing and her claims of fraud were unsupported by the record.

The court also found defendant's objections to the entry of summary judgment and dismissal of her counterclaims "entirely meritless." Defendant did not oppose either motion and failed to establish a meritorious defense or exceptional circumstances warranting the relief she sought.

Having reviewed the record in light of our standard of review, we are satisfied there is no basis on which to disturb the orders on appeal. There was neither an abuse of discretion nor a misapplication of law.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10